**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WAYSIDE CHURCH, an Illinois Not-
For-Profit (Ecclesiastical) Corporation,
individually and on behalf of a class of
all others similarly situated, MYRON W.
STAHL, individually and on behalf of a
class of all others similarly situated and
HENDERSON HODGENS, individually and
on behalf of a class of all others similarly
situated,

             Plaintiffs,

                                    Hon.

v                                    Case No. 1:14-cv-

VAN BUREN COUNTY, in its individual
Michigan municipal capacity and on behalf of a
class of all other Michigan counties similarly situated
and KAREN MAKAY, in her individual official
capacity as Treasurer of Van Buren County and
on behalf of a class of all other Treasurers of
Michigan Counties similarly situated,

             Defendants.

_____/

James Shek (P37444)
Attorney for Plaintiffs
Post Office Box A
Allegan, MI 49010
269-673-3547

## PLAINTIFFS' CLASS ACTION COMPLAINT

### THE PARTIES

1.     Plaintiff WAYSIDE CHURCH (the "Church") is an Illinois Not-For-

Profit (Ecclesiastical) Corporation first incorporated through the Office of the Illinois

Secretary of State on May 15, 1975 and is there in good standing with its principal

registered office situate at 401 E Bowen Avenue, Chicago, Illinois 60653. Mr. Reginald L. Hill is the current Registered Agent of the Church.

2.     Plaintiff MYRON W. STAHL ("Plaintiff Stahl") is an adult resident of the County of Van Buren, State of Michigan, residing therein at 707 Pine Street, Paw Paw, Michigan 49079.

3.     Plaintiff HENDERSON HODGENS ("Plaintiff Hodgens") is an adult resident of the City of Perris, State of California, residing therein at 17675 Poquito Lane, Perris, CA 92750.

4.     Plaintiffs bring this action on their own behalf and, pursuant to Rule 23(a) and 23 (b)(1)(A),(B) and 23 (b) (3) of the Federal Rules of Civil Procedure, as representative Plaintiffs of a class which is hereinafter specifically defined; however, herein generally described as owners of real property located within the State of Michigan whose real property was taken by Defendant, and Defendant class, for non-payment of real property taxes pursuant to Sections 211.78 - 211.78j of the Michigan Compiled Laws and sold by Defendant, and Defendant class, to third parties for net proceeds in excess and substantially in excess of all delinquent taxes, interest, penalties and fees due on the property, and pro-rata estimate of expense of sale of the property ("surplus proceeds"), without offer, tender or return of the surplus proceeds to Plaintiffs and members of Plaintiff class.

5.     Defendant Van Buren County is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan which is designated within MCL 211.78 - 211.21178j as a "foreclosing governmental unit" through its Treasurer for the purposes of implementing the statutory scheme set

forth therein to foreclose upon and sell real property for non-payment of real property taxes.

6. KAREN MAKAY, in her official capacity as Treasurer of Van Buren County, is the Official responsible for implementing the statutory scheme set forth within MCL 211.78 - 211.21178j to foreclose upon and sell real property for non-payment of real property taxes and is, pursuant to MCL 211.78 (a)(i) the "foreclosing governmental unit" for Defendant Van Buren County.

7. Plaintiffs bring this action against Defendants on their own behalf and, pursuant to Rule 23(a) and 23 (b) (1) (A), (B) and 23 (b)(2) of the Federal Rules of Civil Procedure, as representative Defendants of a class which is hereinafter specifically defined; however, herein generally described as Michigan county foreclosing governmental units of the State of Michigan which have taken real property located within the State of Michigan, for non-payment of real property taxes pursuant to Sections 211.78 - 211.78a-p of the Michigan Compiled Laws and sold the same to third parties for net proceeds in excess and substantially in excess of all property taxes and penalties owed thereon ("surplus proceeds") without offer, tender or return of the surplus proceeds to Plaintiffs and members of Plaintiff class.

## THE SUBJECT MATTER

8. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 7 above.

9. The general subject matter of this action is the Michigan statutory scheme for the collection of unpaid and delinquent real property taxes through the real property forfeiture and foreclosure statutory process set forth within those amendments to the

Michigan General Property Tax originally contained within Act No. 123, of 1999, being MCL 211.78 - 211.78a-p, as amended (" Tax Collection Statute").

      10.    The specific subject matter of this action includes, but may not be limited to, the following statutory provisions set forth therein:

        (i)    MCL 211.78k which, inter alia, requires that a property tax foreclosure judgment provide that fee simple title to property foreclosed vests absolutely in the foreclosing governmental unit unless redemption is effected, but does not require that surplus proceeds after sale by the foreclosing governmental unit be paid to Plaintiff property owners; and,

        (ii)    MCL 211.78m which allows a foreclosing governmental unit to sell foreclosed real property at auction in the manner(s) set forth therein and allows it also retain for its own use, and ultimately place within the Defendant county general fund all surplus money obtained on sale in excess of the "minimum bid" after satisfying all delinquent taxes, interest, penalties, fees due and pro-rata estimated expense of administering the sale of the property at auction.

## PLAINTIFFS' STANDING

      11.    Plaintiffs repeat, reallege and incorporate herein paragraphs 1 through 10 above.

      12.    The Church has constitutional and prudential standing under Article III of the United States Constitution to pursue the claim(s) set forth herein because it has suffered an actual injury in fact with respect to which there is a likelihood that it will be

redressed by a favorable decision rendered by the Court herein, which injury, as herein

detailed, resulted from and was proximately caused by Van Buren County Defendants'

conduct in the manner following:

(i)     It purchased, paid real property taxes thereon and owned in fee simple for decades, until April 25, 2014, that real property located in the Township of Hartford, County of Van Buren, State of Michigan described as follows:

The NE 1/4 of the NE 1/4 and NW 1/4 of the NE 1/4 of Section 36, Town 3 South, Range 16 West, TAX PARCEL I.D. NO.s 80-11-036-002-00 and 80-11-036-17, COMMONLY KNOWN AS 68578 CR 381, Hartford, MI ("Church Parcel"); and,

(ii)    In consequence of the non-payment of 2011 real property taxes due upon the Church Parcel on April 25, 2014, pursuant to Foreclosure Judgment of the Van Buren County Circuit Court then entered in its File No. 2013-63-200-CH under the aforesaid Tax Collection Statute, Van Buren County Defendants were, by its putative terms, vested absolutely with good and marketable title to the Church Parcel and the Church was divested of the same by Defendants Van Buren County; and,

(iii)   Under the auspices of MCL 211.78m, on August 5, 2014 the Church Parcel was offered for sale at public foreclosure auction by Defendants Van Buren County for the "minimum bid", being "all delinquent taxes, interest, penalties and fees due on the property. . .[and]. . ."expenses of administering the sale, including all preparations for the sale. . ." of **$16,750.00**: and,

(iv)    On August 5, 2014 Defendants Van Buren County sold the Church Parcel at public auction for the sum of **$206,000.00**; and,

(v)     The surplus proceeds arising from the foreclosure sale of the Church Parcel, to wit, ***$189,250.00*** are personalty, constitutes the Church's equity in the Church Parcel, and reflects the Church's original investment therein and ongoing investments of monies including improvements, repairs and decades of payment of real property taxes, and are in law, equity and in fact owned by the Church and its elderly members; and,

(vi)    Upon demand made Defendants Van Buren County have refused to surrender and deliver to the Church its said personalty in the amount of $189,250.00 and upon information and belief, under the auspices of MCL 211.78m(8) said surplus proceeds have been placed into a

restricted bank account owned and maintained by Defendants Van Buren
County known as the "Delinquent tax property sales proceeds for the year
2014" and Defendants Van Buren County intend to expend said funds
for certain public uses for the ensuing two year period and then place
the remaining surplus proceeds in its general fund for expenditure for
general public use and never offer, deliver, tender or return and the Church
has been injured by the taking of its personalty in the amount of
$189,250.00 by Defendants Van Buren County; and,

(vii)    Said injury can be remedied and redressed by this Court by its
granting of the relief hereinafter requested.

13.    Plaintiff Stahl has constitutional and prudential standing under Article III

of the United States Constitution to pursue the claim(s) set forth herein because he has

suffered an actual injury in fact with respect to which there is a likelihood that it will be

redressed by a favorable decision rendered by the Court herein, which injury, as herein

detailed, resulted from and was proximately caused by Van Buren County Defendants'

conduct in the manner following:

(i)    He purchased, paid real property taxes thereon and owned
in fee simple for decades, until April 25, 2014, that real property located in
the Township of Almena, County of Van Buren, State of Michigan
described as follows:

The East 170' of the West 660' of the South 445.5' of
the NW Fractional 1/4 of Sect 30, Town 2S, Range
13 West;TAX PARCEL I.D. NO. 80-01-030-007-17,
COMMONLY KNOWN AS 33364 42nd Ave., Paw Paw, MI
49079 (Stahl Parcel); and,

(ii)    In consequence of the non-payment of 2011 real property taxes due
upon the Stahl Parcel on April 25, 2014, pursuant to Foreclosure
Judgment of the Van Buren County Circuit Court then entered in its File
No. 2013-63-200-CH under the aforesaid Tax Collection Statute, Van
Buren County Defendants were, by its putative terms, vested absolutely
with good and marketable title to the Stahl Parcel and Plaintiff Stahl was
divested of the same by Defendants Van Buren County; and,

(iii)    Under the auspices of MCL 211.78m, on August 5, 2014 the Stahl

Parcel was offered for sale at public foreclosure auction by Defendants Van Buren County for the "minimum bid", being "all delinquent taxes, interest, penalties and fees due on the property. . .[and]. . ."expenses of administering the sale, including all preparations for the sale. . ." of **$25,000.00**: and,

(iv)    On August 5, 2014 Defendants Van Buren County sold the Stahl Parcel at public auction for the sum of **$68,750.00**; and,

(v)    The surplus proceeds arising from the foreclosure sale of the Stahl Parcel, to wit, **_$43,750.00_** are personalty, constitutes Plaintiff Stahl's equity in the Stahl Parcel, and reflects the Plaintiff Stahl's original investment therein and ongoing investments of monies including improvements, repairs and decades of payment of real property taxes, and are in law, equity and in fact owned by Plaintiff Stahl; and,

(vi)    Defendants Van Buren County have retained and are in possession of the surplus proceeds without offer, tender or return of the same  to Plaintiff Stahl and, upon information and belief, under the auspices of MCL 211.78m(8) said surplus proceeds have been placed into a restricted bank account owned and maintained by Defendants Van Buren County known as the "Delinquent tax property sales proceeds for the year 2014" and Defendants Van Buren County intend to expend said funds for certain public uses  for the ensuing two year period and then place the remaining surplus proceeds in its general fund for expenditure for general public use and never offer, deliver, tender or return the  same  to Plaintiff Stahl thereby taking Plaintiff Stahl's said personalty in the amount of $43,750.00 and Plaintiff Stahl has been injured by the taking of his personalty in the amount of $43,750.00 by Defendants Van  Buren County; and,

(vii)    Said injury can be remedied and redressed by this Court by its granting of the relief hereinafter requested.

14.    Plaintiff Hodgens has constitutional and prudential standing under Article III of the United States Constitution to pursue the claim(s) set forth herein because he has suffered an actual injury in fact with respect to which there is a likelihood that it will be redressed by a favorable decision rendered by the Court herein, which injury, as herein detailed, resulted from and was proximately caused by Van Buren County Defendants' conduct in the manner following:

(i)     His parents purchased, paid real property taxes thereon and he owned in fee simple for decades, until April 25, 2014, that real property located in the Township of Geneva, County of Van Buren, State of Michigan described as follows:

> The N 1/2 of the Southwest 1/4 of the Southwest 1/4 of Section 12, Town 1South, Range 16, West, Tax Parcel I.D. No. 80-09-012-001-00 (Hodgens Parcel); and,

(ii)    In consequence of the non-payment of 2011 real property taxes due upon the Hodgens Parcel on April 25, 2014, pursuant to Foreclosure Judgment of the Van Buren County Circuit Court then entered in its File No. 2013-63-200-CH under the aforesaid Tax Collection Statute, Van Buren County Defendants were, by its putative terms, vested absolutely with good and marketable title to the Stahl Parcel and Plaintiff Hodgens was divested of the same by Defendants Van Buren County; and,

(iii)    Under the auspices of MCL 211.78m, on August 5, 2014 the Hodgens Parcel was offered for sale at public foreclosure auction by Defendants Van Buren County for the "minimum bid", being "all delinquent taxes, interest, penalties and fees due on the property. . .[and]. . ."expenses of administering the sale, including all preparations for the sale. . ." of **$5,900.00**: and,

(iv)    On August 5, 2014 Defendants Van Buren County sold the Hodgens Parcel at public auction for the sum of **$47,750.00**; and,

(v)    The surplus proceeds arising from the foreclosure sale of the Hodgens Parcel, to wit, ***$41,850.00*** are personalty, constitutes Plaintiff Hodgens' equity in the Hodgens Parcel, and reflects the Hodgens' family original investment therein and ongoing investments of monies including improvements, repairs and decades of payment of real property taxes, and are in law, equity and in fact owned by Plaintiff Hodgens; and,

(vi)    Defendants Van Buren County have retained and are in possession of the surplus proceeds without offer, tender or return of the same to Plaintiff Hodgens and, upon information and belief, under the auspices of MCL 211.78m(8) said surplus proceeds have been placed into a restricted bank account owned and maintained by Defendants Van Buren County known as the "Delinquent tax property sales proceeds for the year 2014" and Defendants Van Buren County intend to expend said funds for certain public uses for the ensuing two year period and then place the remaining surplus proceeds in its general fund for expenditure for general public use and never offer, deliver, tender or return the same to Plaintiff Hodgens thereby taking Plaintiff Hodgen's said personalty in the amount of $41,850.00 and Plaintiff Hodgens has been injured by the taking

of his personalty in the amount of $41,850.00 by Defendants Van Buren County; and,

(vii)    Said injury can be remedied and redressed by this Court by its granting of the relief hereinafter requested.

## JURISDICTION AND VENUE

15.    Plaintiffs repeat, reallege and incorporate herein by reference paragraphs 1 through 14 above.

16.    This Honorable Court has subject matter jurisdiction of this action as the federal claim(s) in this Complaint arise under the Fifth and Fourteenth Amendments to the United States Constitution and, as a result thereof, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

17.    This Honorable Court's jurisdiction in this matter is not disabled by the *Pullman* abstention doctrine [ *Railroad Commissioner v Pullman,* 312 U.S. 496 (1941)] for reasons which include, but are not limited to:

    (i)    The claims made in this Complaint do not touch upon a sensitive area of state social policy however, to the extent that tax collection statutes can be considered a sensitive area of state social policy there is no alternative to this Court's exercise of its federal question jurisdiction as:

        (a)    The Tax Collection Statute, MCL 211.78l (1) impliedly authorizes a claim for monetary damages against a foreclosing governmental unit by a property owner only where the property owner claims that "he or she did not receive notice required under this act" and no such assertion is made by the Plaintiffs herein; and,

        (b)    To the extent that MCL 211.78l can be interpreted as allowing also a claim against a foreclosing governmental unit for monetary damages for surplus proceeds as an unconstitutional taking, or not prohibiting the same, then MCL 211.78l (2), as well as MCL 600.6419 independently, grants the Michigan Court of Claims exclusive and original

jurisdiction of such claim, ***however, MCL 600.6440*** prohibits
the exercise of that jurisdiction in the following language:
**" No claimant may be permitted to file a claim in said
court against the state nor any department, commission,
board, institution, arm or agency thereof who has an
adequate remedy upon his claim in the federal courts. . .)**
(emphasis added); and,

(ii)     There is no state forum for, nor state issue herein asserted,
which would provide a definitive ruling that would resolve the claims
herein asserted; and,

(iii)     Through the express language of the Tax Collection Statute the
state has made certain its position that it can constitutionally take
for public use Plaintiffs' personalty and surplus proceeds without
providing just compensation.

18.     This Honorable Court's jurisdiction in this matter is not disabled by the

*Rooker-Feldman* abstention doctrine [*Rooker v Fidelity Trust Co.,* 263 U.S. 413 (1923);

*District of Columbia Court of Appeals v Feldman,* 460 U.S. 413 (1923)] for reasons

which include, but are not limited to:

(i)     As to the named Plaintiffs and represented Plaintiff class
members whose Van Buren County parcels of real property were
sold in 2014 by Defendants Van Buren County; with respect to
Defendants Van Buren County only at this juncture, this action can not in
any manner be described as the functional equivalent of an appeal of that
Final Judgment of Foreclosure which was entered April 25, 2014, being
25 days after a notice of appeal was required to be filed to appeal the same
pursuant to MCL 211.78k (11); or, in the event that under these
circumstances and said statute it can be concluded that the appeal period
of the April 25, 2014 Final Judgment has been extended to March 31,
2015, an appeal of right is otherwise barred by MCR 7.204(A)(1) and is,
in any event,     otherwise rendered moot by the sale of Plaintiffs' property
by Defendants Van Buren County; and,

(ii)     As to the named and represented Plaintiffs, and the named
Defendants and all class Defendants, this action can not in any
manner be considered the functional equivalent of appeal of a
Final Judgment of Foreclosure as pursuant to the Tax Collection
Statute the claims and issues asserted herein could not be asserted
in the Foreclosure proceedings, are not required to be included within
the specifications required to be made in the Final Judgment pursuant

to MCL 211.78(k)(5), would then not be included on the record of the proceedings in the circuit court and, therefore, since an appeal of the Final Judgment pursuant to MCL 211.78k(7) is limited to the record, and not de novo, could not be reviewed by the Court of Appeals.

19.     This Honorable Court's jurisdiction in this action is not barred by the 11th

Amendment to the United States Constitution and Defendants are not immune from suit

thereunder for reasons which include, but are not limited to:

> (i)     The principal claim in this action is predicated upon the Takings Clause of the Fifth Amendment to the United States Constitution made applicable to the states pursuant to the Fourteenth Amendment which was ratified by the State of Michigan and allows Congress to enforce the same by appropriate legislation pursuant to which it enacted 42 U.S.C. § 1983, allowing an action against a state or its political subdivisions seeking just compensation for a taking per se or damages for failure to provide just compensation following an unconstitutional taking [cf. *Monterey v Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999); takings claim under Section 1983 sounds in tort and is within jury guarantee of Seventh Amendment]; and/or,

> (ii)     MCL 211.781 (2), as well as MCL 600.6419 independently, grants the Michigan Court of Claims exclusive and original jurisdiction of a claim for monetary damages arising under the Tax Collection Statute, *however, MCL 600.6440* prohibits the exercise of that jurisdiction in the following language: " **No claimant may be permitted to file a claim in said court against the state nor any department, commission, board, institution, arm or agency thereof who has an adequate remedy upon his claim in the federal courts. . .**) therefore the State of Michigan, for itself and all foreclosing governmental units, has consented to Plaintiffs asserting its Fifth/Fourteenth Amendment takings claim in said federal courts or waived any putative Eleventh Amendment shield, or both; and/or,

> (iii)     The Defendant foreclosing governmental units are counties and, therefore, municipalities, which are liable under 42 U.S.C. § 1983 where there own policies, as here, result in the taking of Plaintiffs' property without providing them just compensation in violation of the Fifth Amendment, made applicable to the states and its subdivisions through the Fourteenth Amendment.

20.    Venue of this action is properly laid in the United States District Court for
the Western District of Michigan, Southern Division, as Van Buren County, Michigan is
within its geographical jurisdiction, which County is the situs of the physical and legal
subject matter hereof as to the named Plaintiffs.

## COUNT I
## POST TAKING CLAIM FOR JUST COMPENSATION UNDER
## THE FIFTH AMENDMENT - INVERSE CONDEMNATION

21.    Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs
1 through 20 above.

22.    The Fifth Amendment to the United States Constitution provides, in part
material hereto, that ". . .nor shall private property be taken for public use, without just
compensation" , U.S. Const., Amend. V, said constitutional prohibition being known in
colloquial vernacular and jurisprudentially as the "Takings Clause" of the United States
Constitution.

23.    The Takings Clause is applicable to all States of the United States of
America, and by extension their subdivisions, instrumentalities, and departments,
including Defendants Van Buren County and all class Defendants. See, e.g., *Chicago,
B&Q R Co v Chicago,* 166 U.S. 226 (1897) and *Palazzolo v Rhode Island,* 553 U.S. 606
(2001).

24.    " . . .[T]he purpose of the of the Takings Clause is to prevent the
government from forcing some people alone to bear public burdens which, in all fairness
and justice, should be borne by the public as a whole." *Palazzolo,* supra at 618.

25.    The Tax Collection Statute is a tax statute however, by its terms, as to the surplus proceeds, amounts to a taking of private property for public use without just compensation.

26.    A legislature can not constitutionally enact a law that it calls a tax statute which on its face effects a taking of private property without just compensation. *Cf. Acker v Commissioner of Internal Revenue,* 258 F. 2d 568 (6th Cir., 1958), *aff'd* 361 U.S. 87 (1959).

27.    The common law of the State of Michigan recognizes that any surplus proceeds arising from a mortgage foreclosure sale are personalty and a person with an ownership interest in, or who succeeds to an ownership interest in the foreclosed real property, has a right to claim ownership of the personalty. *Smith v Smith,* 13 Mich 258 (1865); also see *Rossman v Marsh,* 287 Mich 720 (1939) ( proceeds from the sale of lands are personal property and not real property).

28.    The judicial and non-judicial mortgage (and land contract) foreclosure statutes of the State of Michigan recognize that any surplus proceeds arising from a mortgage foreclosure sale of real property are, unless subject to subordinate secured creditors, owned by the former owner of the real property. MCL 600.3125 (judicial foreclosure); MCL 600.3257 (foreclosure by advertisement).

29.    By requiring that surplus proceeds arising from the sale of delinquent real property tax foreclosed real property be delivered to the former owners other States within the United States, including, but not limited to, the States of Idaho, California, Alabama, Florida, Georgia and Indiana, impliedly recognize that to do otherwise would

result in a violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

30.     The Church, for itself and represented Plaintiffs, repeats, realleges and incorporates herein by reference paragraph 12, sub-paragraphs (i) - (vi), as if fully set forth herein.

31.     The Church had a cognizable property interest in the Church Parcel and has a cognizable property interest in said surplus proceeds of $189,250.00 protected by the Fifth Amendment to the United States Constitution and its Takings Clause.

32.     Plaintiff Stahl, for himself and represented Plaintiffs, repeats, realleges and incorporates herein by reference paragraph 13, sub-paragraphs (i) - (vi), as if fully set forth herein.

33.     Plaintiff Stahl had a cognizable property interest in the Stahl Parcel and has a cognizable property interest in said surplus proceeds of $43,750.00 protected by the Fifth Amendment to the United States Constitution and its Takings Clause.

34.     Plaintiff Hodgens, for himself and represented Plaintiffs, repeats, realleges and incorporates herein by reference paragraph 14, sub-paragraphs (i) - (vi), as if fully set forth herein.

35.     Plaintiff Hodgens had a cognizable property interest in the Hodgens Parcel and has a cognizable property interest in said surplus proceeds of $41,850.00 protected by the Fifth Amendment to the United States Constitution and its Takings Clause.

36.     Defendants Van Buren County, and its represented co-Defendants, physically took Plaintiffs', and represented Plaintiffs', real property and physically took,

now possess, and refuse to tender and deliver to Plaintiffs, and represented Plaintiffs, their surplus proceeds.

37.     Said surplus proceeds, being Plaintiffs' and represented Plaintiffs', private property, have been or will be expended by Defendants Van Buren County, and its represented co-Defendants, for specific and general public uses, forcing Plaintiffs, and represented Plaintiffs, to bear alone public burdens which in all fairness and justice should be borne by the public as a whole.

38.     Neither Defendants Van Buren County, nor its represented co-Defendants, offered to pay in advance of the said taking(s), nor contemporaneously therewith, nor at any time thereafter, Plaintiffs, and represented Plaintiffs, just compensation for said taking(s).

39.     Neither Plaintiffs, nor represented Plaintiffs, have been provided by Defendants Van Buren County, and its represented co-Defendants, any procedure whatsoever, and therefore no adequate procedure whatsoever, to seek just compensation for said taking(s), and absolutely no procedure or remedy exists under the Tax Collection Statute, or any Michigan Statute, for Plaintiffs, and represented Plaintiffs, to obtain just compensation for said takings within an inverse condemnation proceeding provided for and allowed by State law.

40.     Plaintiffs', and represented Plaintiffs', claims of inverse condemnation under the Takings clause asserted herein before this Honorable Court are mature and ripe.

41.     By means of the premises Plaintiffs, and represented Plaintiffs, have suffered great and material damages and The Takings Clause requires Defendants Van Buren County, and its represented co-Defendants, to pay Plaintiffs, and represented

Plaintiffs, money damages tantamount to and consisting of just compensation for the taking(s) of their private property for public use.

42.     In material part 28 U.S.C. § 2201 (a) provides, that " In a case of actual controversy within its jurisdiction. . .any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

WHEREFORE, Plaintiffs and represented Plaintiffs respectfully request this Honorable Court to issue its declaratory judgment declaring and adjudging that the Defendants, and its represented co-Defendants, retention, use and takings of the surplus proceeds constitute a taking of private property for public use without just compensation in violation of the Fifth Amendment to the United States Constitution and, further, Plaintiffs and represented Plaintiffs demand judgment against Defendants Van Buren County, and its represented co-Defendants, in that amount of just compensation for said takings equal to the amount of surplus proceeds so taken from them, together with interest thereon from the date of foreclosure sale, costs and attorney fees.

## COUNT II
## 42 U.S.C. § 1983 LIABILITY FOR TAKING OF PRIVATE PROPERTY FOR PUBLIC USE WITHOUT JUST COMPENSATION

43.     Plaintiffs repeat, reallege and incorporate herein by reference paragraphs 1 through 42 above.

44.     Plaintiffs', and represented Plaintiffs', constitutional right to just compensation when Defendants Van Buren County, and its represented co-Defendants,

took their private property for public purposes is a fundamental right deeply rooted in this

country's legal traditions and central to the concept of ordered liberty.

45.     By taking Plaintiffs', and represented Plaintiffs', private property for public

purposes without just compensation as aforesaid Defendants, and its represented co-

Defendants, have deprived Plaintiffs, and represented Plaintiffs, of that fundamental

right.

46.     42 U.S.C. § 1983 provides that,

Every person who, under color of any statute, ordinance, regulation,
custom, or usage, of any State or Territory or the District of Columbia, subjects,
or causes to be subjected, any citizen of the United States or other person within
the jurisdiction thereof to the deprivation of any rights, privileges, or immunities
secured by the Constitution and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress, except that in
any action brought against a judicial officer for an act or omission taken in such
officer's judicial capacity, injunctive relief shall not be granted unless a
declaratory decree was violated or declaratory relief was unavailable. For the
purposes of this section, any Act of Congress applicable exclusively to the
District of Columbia shall be considered to be a statute of the District of
Columbia. (R.S. §1979; Pub. L. 96-170, §1, Dec. 29, 1979, 93 Stat. 1284; Pub. L.
104-317, title III, §309(c), Oct. 19, 1996, 110 Stat. 3853.)

47.     It is the policy and custom of Defendants, and its represented co-

Defendants, to use for public purposes and not deliver or tender to Plaintiffs, and

represented Plaintiffs, their private property, being said surplus proceeds, taken from

them without just compensation by Defendants, and its represented co-Defendants.

48.     Defendants, and its represented co-Defendants, are persons under 42

U.S.C. § 1983.

49.     By means of the premises Plaintiffs, and represented Plaintiffs, have

suffered great and material damages and pursuant to 42 U.S.C. § 1983 Defendants Van

Buren County, and its represented co-Defendants, are liable to pay Plaintiffs, and

represented Plaintiffs, money damages for their injuries so suffered.

WHEREFORE, Plaintiffs and represented Plaintiffs demand judgment against

Defendants Van Buren County, and its represented co-Defendants, for that amount they

are found to be entitled to compensate them for their injuries, together with costs, interest

and reasonable attorney fees as allowed by 42 U.S.C. § 1988.

**COUNT III**
**(Named Plaintiffs, represented Van Buren County Plaintiffs**
**and Named Van Buren County Defendants Only)**

### DECLARATORY JUDGMENT - REDEMPTION IN FACT & LAW MADE

50.     Plaintiffs repeat, reallege and incorporate herein by reference paragraphs 1

through 49 above.

51.     In material part 28 U.S.C. § 2201 (a) provides, that " In a case of actual

controversy within its jurisdiction. . .any court of the United States, upon the filing of an

appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought. Any

such declaration shall have the force and effect of a final judgment or decree and shall be

reviewable as such."

52.     The Circuit Court File in this matter 2013 Van Buren County Tax

Foreclosure proceeding, (2013-63-200-CH), clearly indicates that the "Final Judgment of

Judicial Foreclosure and Vesting Fee Simple Title In Van Buren County Treasurer" was

entered April 25, 2014.

53.     Said Final Judgment was entered 26 days later than the deadline for its

issuance imposed by law as MCL 211.78k(5) requires that "The circuit court shall enter

final judgment on a petition for foreclosure filed under 78h at any time after hearing under this section but not later than the March 30 immediately succeeding the hearing with the judgment effective on the March 31 immediately succeeding the hearing. . .".

54.     MCL 211.78k(5) also provides, in part material hereto, that ". . .All redemption rights to the property expire on the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section. . ."

55.     The express language of the Tax Collection Statute hereinabove quoted, juxtaposed against the April 25, 2014 Final Judgment, requires the conclusion that the named Plaintiffs', and represented Van Buren County Plaintiffs, (being, upon information and belief, upwards of 47 prior owners of Van Buren County parcels upon which surplus proceeds have been taken by Defendants Van Buren County following its August 5, 2014 tax foreclosure property auction sale) statutory redemption rights from said final judgment do not expire until March 31, 2015.

56.     Notwithstanding the same the Church Parcel, the Stahl Parcel and the Hodgens parcel, and all other Van Buren County Plaintiffs' parcels, were sold at public tax foreclosure auction on August 5, 2014, during the period of the existence of said statutory redemption period and Van Buren County Defendants received from the sales proceeds all monies required to be paid by Plaintiff Church, Plaintiff Stahl and Plaintiff Hodgens, and all other represented Van Buren County Plaintiffs, to redeem their parcels from the Final Judgment of Foreclosure and, in addition thereto, surplus proceeds as follows, to wit, $189,250.00 from the Church Parcel, $43,750.00 from the Stahl Parcel and $41,850.00 from the Hodgens parcel, and upwards of an additional $460,000.00 in surplus proceeds from all other represented Van Buren County Plaintiffs

57.     Said surplus proceeds arc owned by the Church, Plaintiff Stahl and
Plaintiff Hodgens and all other represented Van Buren County Plaintiffs respectively in
the amounts of the surplus proceeds and interest thereon.

58.     Predicated upon said statutory provisions and these facts of sale within the
redemption period and the payment of the required redemption proceeds said named
Plaintiffs have demanded in writing that Defendants Van Buren County return to them in
said respective amounts the surplus proceeds which they own and said Defendants have
refused.

59.     By means of the premises a case of actual controversy within the
jurisdiction of this Honorable Court has arisen and is pending.

WHEREFORE, said Plaintiffs and represented Van Buren County Plaintiffs
respectfully request this Honorable Court to enter its Declaratory Judgment declaring the
rights, obligations and legal relations of said Plaintiffs and Defendants Van Buren County
as follows:

First, that said Plaintiffs' rights to redeem their respective parcels
of real property from the aforesaid final judgment of tax foreclosure entered April
25, 2014 do not expire until March 31, 2015; and,

Second, Defendants Van Buren County sold the Church Parcel, the Stahl
Parcel and the Hodgens Parcel, and the parcels of all other represented Van
Buren County Plaintiffs to third parties during the period imposed by law for
Plaintiffs' redemption from said April 25, 2014 final judgment of tax foreclosure;
and,

Third, from the sales proceeds Defendants Van Buren County

received on behalf of said Plaintiffs all necessary monies to redeem from said April 25, 2014 final judgment of foreclosure and the surplus monies are in law and in fact owned by the Church in the amount of $189,250.00, Plaintiff Stahl in the amount of $43,750.00 and Plaintiff Hodgens in the amount of $41,850.00 and all other represented Van Buren County Plaintiffs in the cumulative amount of $460,000.00; and,

Fourth, that said Declaratory Judgment provide that the failure of Defendants Van Buren County to pay Plaintiffs said amounts of surplus proceed within 21 days from the entry of said Declaratory Judgment would constitute in fact and in law a taking from the Church, Plaintiff Stahl and Plaintiff Hodgens and all other represented Van Buren County Plaintiffs, of their private property for public use without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution and said Plaintiffs would be entitled to the entry of a money judgment of just compensation against Defendants Van Buren County in said respective amounts upon motion and application made to this Honorable Court for entry of the same on or before 42 days from the Declaratory Judgment herein requested.

Fifth, that this Court award said Plaintiffs such other, further and additional relief that they are found to be entitled consistent with the facts, law and equities in this matter as to fully compensate them for their injuries sustained.

## CLASS ACTION ALLEGATIONS

60.    Plaintiffs repeat, reallege and incorporate herein by reference paragraphs 1

through 59 above.

61.    Plaintiffs bring this action against Defendants on Plaintiffs' own behalf

and, pursuant to Rule 23(a) and 23 (b)(1)(A), (B) and 23 (b) (3) of the Federal Rules of

Civil Procedure, on behalf of the following Class:

> All former owners of real property within the State of Michigan whose ownership
> of the real property was divested from them for non-payment of real property
> taxes pursuant to sections 211.78 - 211.78a-p (the "Tax Collection Statute) by all
> counties within the State of Michigan acting as foreclosing governmental units,
> being those counties whose county commissioners did not elect, or rescinded an
> election, pursuant to MCL 211.78 (3) or (4), to have the State of Michigan
> foreclose real property pursuant to the Tax Collection Statute to said
> counties' treasurers under MCL 211.78g; which real property so taken from
> said former owners was sold by said counties under MCL 211.78m (2) - (5)
> at public auction to third parties for net proceeds in excess, and often substantially
> in excess, of the "minimum bid" defined within MCL 211.78m (11), to wit,
> all delinquent taxes, interest, penalties and fees due on the property, together
> with the estimated pro-rata expenses of administering the sale ("surplus
> proceeds") which former owners were not offered, tendered or returned said
> surplus proceeds.

62.    This Class is so numerous that joinder of all members is impracticable as:

   (a).    For the first annual 2014 tax foreclosure auction alone for
            the Counties of Van Buren, Kalamazoo, Allegan, Ottawa
            and Kent, the class is comprised of *142 members*; and,

   (b)     As a result thereof the average per county class members
            are 28 and as there are 71 counties which are foreclosing
            governmental units pursuant to the Tax Collection Statute
            the statewide class membership for the 2014 tax foreclosure
            auction alone is estimated to be upwards of *1,988.00 members*;
            and,

   (c)     As 6 year statute of limitations contained within MCL 600.5813
            is applicable, the total class membership throughout
            the actionable period is upwards of *12,000 members*.

63. Plaintiffs' claims are typical, excepting the actual amount of surplus proceeds taken, of the claims of the Class.

64. Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel competent and experienced.

65. There are questions of law and fact common to the Class.

66. Van Buren County Defendants have acted and refused to act on grounds that apply generally to the Class as a whole.

67. An adjudication as to the constitutional Takings Clause issues asserted herein with respect to the named Plaintiffs only would, as a practical matter, be dispositive of the common interests of other members of the putative class not named parties in this action.

68. The questions of law or fact common to the named Plaintiffs and putative Plaintiff Class members predominate over any questions affecting only individual members, the latter which would primarily, or only, consist of the amount of the individual surplus proceeds taken from them and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

69. Plaintiffs bring this action against Defendants Van Buren County directly, and pursuant to Rule 23(a) and 23 (b)(1)(A), (B) and 23 (b) (2) of the Federal Rules of Civil Procedure, on behalf of the following class of Defendants:

All counties in the State of Michigan which divested from real property owners ownership of real property for non-payment of real property taxes pursuant to sections 211.78 - 211.78a-p (the "Tax Collection Statute) acting as foreclosing governmental units, being all counties within the State of Michigan whose county commissioners did not elect, or rescinded an election, pursuant to MCL 211.78 (3) or (4), to have the State of Michigan foreclose real property pursuant to the Tax Collection Statute to said counties' treasurers under MCL 211.78g; which real

property so taken by said Defendant counties owners was sold by them under MCL 211.78m (2) - (5) at public auction to third parties for net proceeds in excess, and often substantially in excess, of the "minimum bid" defined within MCL 211.78m (11), to wit, all delinquent taxes, interest, penalties and fees due on the property, together with the estimated pro-rata expenses of administering the sale ("surplus proceeds") and which Defendant counties did not offer, tender or return said surplus proceeds to Plaintiffs but now hold to expend the same, or have expended the same for public purposes.

70. This Class is so numerous that joinder of all members is impracticable as 71 of the State of Michigan's 83 counties act as foreclosing governmental units pursuant to the Tax Collection Statute and together comprise Defendant Class; a municipal Defendant numerosity obstacle substantially similar to that which led to the certification of Plaintiff and Defendant constitutional challenge class action in *Zablocki v Redhail*, 98 S.Ct. 673 (1978).

71. The defenses, questions of fact and questions of law anticipated to be asserted by members of Defendant Class claims will be common, routine, typical and, indeed, identical, excepting the actual amount of surplus proceeds actual taken from Plaintiffs by individual Defendant Class members.

72. Defendants Van Buren County have in their possession surplus proceeds from the sale of over 50 parcels of real property in excess of their minimum bids from the 2014 tax auction sale alone, cumulatively in excess of $734,850.00 and, therefore, Plaintiffs fully anticipate Defendants Van Buren County will fairly and adequately protect the interests of the Class and said Defendants have retained counsel competent and experienced and it is anticipated that all Defendant Class members will actively participate and commonly defend and share the expense of the defense of this action through one or more law firms.

73.     Prosecuting separate action against individual members of Defendant

Class would create a risk of inconsistent or varying adjudications that would establish

incompatible standards of conduct for Plaintiffs and a risk of adjudications with respect

individual members of Defendant Class that would be dispositive of the interests of other

members not parties to the individual adjudications or would substantially impair or

impede their ability to protect their interests.

74.     Van Buren County Defendants have acted and refused to act on grounds

that apply generally to the Defendant Class as a whole.

75.     An adjudication as to the constitutional Takings Clause issues asserted

herein with respect to the Defendants Van Buren County only, would, as a practical

matter, be dispositive of the common interests of other members of the putative defendant

class not named parties in this action.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court

enter its order pursuant to F.R.Civ.P. 23 (c) certifying this action as a Plaintiff Class

Action pursuant to Rule 23(a), 23(b)(1)(A), (B) and 23 (b)(3) and a Defendant Class

Action pursuant to Rule 23(a), 23 (b)(1)(A),(B) and 23 (b)(2), providing therein, inter

alia, that counsel for the named Plaintiffs be appointed Plaintiff Class counsel.

Respectfully Submitted,

December 11, 2014

/s/    *James Shek*
James Shek (P37444)
Attorney for Plaintiffs
P.O. Box A
225 Hubbard Street Ste. B
Allegan, MI 49010
269-673-6125
jshekesq@btc-bci.com