## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WAYSIDE CHURCH, an Illinois Not-
For-Profit (Ecclesiastical) Corporation,
individually and on behalf of a class of
all others similarly situated, MYRON W.
STAHL, individually and on behalf of a                    Case No. 1:14-cv-01274-PLM
class of all other similarly situated and
HENDERSON HODGENS, individually and                      Chief Judge Paul L. Maloney
on behalf of a class of all others similarly
situated,

                Plaintiffs,

V

VAN BUREN COUNTY, in its individual
Michigan municipal capacity and on behalf of a
class of all other Michigan counties similarly situated
and KAREN MAKAY, in her individual
official capacity as Treasurer of Van Buren County and
on behalf of a class of all other Treasurers of
Michigan Counties similarly situated,

                Defendants.
_____/

| | |
|---|---|
| James Shek (P37444)<br>Attorney for Plaintiffs<br><br>Ronald W. Ryan (P46590)<br>Lewis Reed & Allen PC<br>Attorney for Plaintiffs | Thomas G. King (P34006)<br>Kreis, Enderle, Hudgins & Borsos, P.C.<br>Attorney for Defendants<br>P.O. Box 4010<br>Kalamazoo, MI  49003-4010<br>(269) 324-3000<br>tking@kreisenderle.com |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO
## FRCP 12(b)(1) & 12(b)(6)

1

**Factual Background**

Plaintiffs brought the instant action seeking relief related to the foreclosure and sale of real property in Van Buren County Michigan ("the County") for delinquent property taxes. Specifically, Plaintiffs seek compensation for any claimed "equity" in the real property at issue which they claim was taken by the County without compensation in violation of the Fifth Amendment to the Unites States Constitution as well as 42 U.S.C. § 1983. From the posture of Plaintiffs' complaint in this matter, it appears that they also seek to fashion their claims into a class action representing all persons who have had their real property foreclosed by operation of Michigan's General Property Tax Act ("GPTA"), MCL 211.78l.

Plaintiffs allege that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 "federal question" jurisdiction. No other basis for jurisdiction has been claimed. Contrary to the Plaintiffs' assertions this Court does not in fact have subject matter jurisdiction over this action as takings claims such as the case at bar have explicitly been held to not be ripe for judicial review until state compensation remedies have been exhausted. Furthermore, there is case law which directs that some or all of the Plaintiffs' claims are barred as a matter of law. For those reasons, the Defendants bring the instant motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Defendants sought Plaintiffs' concurrence in the motion which was denied, necessitating the instant motion.

**Law and Argument**

1. Standard of Review.

The Federal Rules of Civil Procedure ("FRCP's") provide that a motion to dismiss may be brought for lack of subject matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1). On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that

the Court has jurisdiction. *Lujan v Defenders of Wildlife*, 504 U.S. 555, 561; 112 S.Ct. 2130 (1992). In such a motion, the Court should determine whether or not the challenged pleading sets forth allegations sufficient to show that the Court has subject matter jurisdiction in the case. *Great Lakes Educ. Consultants v. Fed. Emergency Mgmt. Agency*, 582 F.Supp. 193, 194 (W.D.Mich. 1984). In making this determination, the pleadings are to be taken as true and construed in a light most favorable to the party opposing the motion. *Id.*, citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Under the FRCP's, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting Fed. R. Civ. Pro. 8. In hearing a motion under FRCP 12(b)(6) a court must construe the Plaintiff's complaint in the light most favorable to it and its factual allegations must be accepted as true. *Mclemore v. Regions Bank*, 682 F.3d 414, 419-421 (6th. Cir. 2012), citing *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 444 (6th Cir. 2012). In analyzing *Iqbal* the Sixth Circuit has also stated, "it is not enough merely to plead a set of facts "consistent with" a claim to relief; there must also be enough "factual enhancement" to "nudge [the] claim across the line from conceivable to plausible." *Carrier Corp.*, 673 F.3d at 444, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); citing *Iqbal*, 556 U.S. at 678-680.

In *Iqbal* the Supreme Court clarified its holding in *Twombly* to mean that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 570. The Supreme Court has cautioned that, "[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

2. Plaintiffs' Alleged Claims Are Not Ripe for Review by This Court.

A threshold requirement for a case to be before our federal courts is that the case or controversy in question must be ripe for judicial review.  In the context of takings claims against a state governmental unit, the U.S. Supreme Court has established a two prong test for determining whether the claim is ripe for adjudication in federal court.  *Williamson County Regional Planning Com'n v. Hamilton Bank*, 473 U.S. 172, 186; 105 S.Ct. 310; 887 L.Ed.2d 126 (1985).  A claim for a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations or statute to the property at issue.  *Id.* at 186-87, citing *Hodel v. Virginia Surface Mining & Reclamation Assn., Inc.*, 452 U.S. 264, 297; 101 S.Ct. 2352; 69 L.Ed.2d 1 1981 (1981).  The second prong of the *Williamson County* test, known as the state litigation requirement, mandates that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation".  *Williamson County Regional Planning Com'n*, 473 U.S. at 195.  If a claim is unripe, federal courts lack subject matter jurisdiction to hear the claim and the complaint must be dismissed.  *Bigelow v. Michigan Dept. of Natural Resources*, 970 F.2d 154, 157 (6th Cir. 1992).

In the case at bar, the Defendants (for the purposes of this motion) do not contest that the "final decision" prong of the *Williamson County* test has been satisfied by the Circuit Court's decision on forfeiture of the parcels at issue which are owned by the named Plaintiffs, though Defendants reserve the right to raise this issue again should the Plaintiffs attempt to convert this case into a class action.  However, it is manifest that the state litigation requirement prong of the

4

*Williamson County* test is not satisfied in the case at bar and this case is thus not ripe for judicial review in Federal Court.

Michigan law provides for a procedure for seeking just compensation in a takings claim case, indeed it is provided for in Michigan's Constitution. See Michigan Const., Art. 10, §2 (1963) (providing that "Private property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law"). Furthermore, the GPTA itself provides for a remedy for a property owner who believes that he has a claim for money damages against a foreclosing government entity. See MCL 211.78l. Finally, Michigan also has a statute providing for compensation in the event of a condemnation (See: MCL 213.51 et seq) and recognizes a cause of action for inverse condemnation. There are no allegations in the Plaintiffs' complaint that they have attempted to avail themselves of any remedies provided by the State of Michigan in its courts.

The Sixth Circuit has explicitly held that a plaintiff must first sue in state court under Michigan's inverse condemnation procedure before his takings claim can be ripe for review in Federal Court. *Macene v MJW, Inc.*, 951 F.2d 700, 704 (6th Cir. 1991). Also, while *Williamson County* involved a regulatory taking, the Sixth Circuit has held that its ripeness requirements apply "beyond claims of regulatory takings to various other constitutional claims arising out of land use disputes". *Dubac v Township of Green Oak*, 406 Fed. Appx. 983, 990 (6th Cir. 2011), quoting *Insomnia Inc. v. City of Memphis, Tenn.*, 278 Fed.Appx. 609, 612 (6th Cir.2008). Furthermore, the Supreme Court has held prior to *Williamson County* that principles of comity bar Federal Courts from reviewing constitutional challenges to state tax laws under the auspices of 42 U.S.C. § 1983. See *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 105; 102 S.Ct. 177; 70 L.Ed.2d 271 (1981). This holding further reinforces that this action is not

ripe for review in this Court and that this Court does not have subject matter jurisdiction to hear

it; the proper avenue for Plaintiffs is to challenge the alleged takings at issue is in Michigan state

courts under the remedies provided for by state law.

The only exception the Sixth Circuit has recognized to the state litigation ripeness

requirement of *Williamson County* is when a procedural due process claim arises for a relatively

small number of persons who are affected on individual grounds because the state remedy is

inadequate. *Nasierowski Bros. Inv. Co. v. Sterling Heights*, 949 F.2d 890, 896, (6th Cir. 1991).

The *Nasierowski Bros.* court continued to hold that governmental determinations of a general

nature that affect all equally do not give rise to an exception to the state litigation prong of the

*Williamson County* ripeness test. *Id.* Even under the narrow *Nasierowski Bros.* exception,

"Procedural due process and equal protection claims that are ancillary to taking claims are

subject to the same *Williamson* ripeness requirements....". *Arnett v. Myers*, 281 F.3d 552, 562-63

(6th Cir.2002).

In the case at bar no allegation is made that the state procedures to address a takings

claim are inadequate. Furthermore, the Plaintiffs' own pleadings reveal that this case is not a

narrow due process claim affecting only a small number disparately, but rather a claim that the

GPTA is applied the same to all Michigan citizens and is a facially unconstitutional taking;

indeed the Plaintiffs seek to certify a claimant class on those grounds. It is also clear from the

Plaintiffs' pleadings that any due process and equal protection claims are ancillary to the takings

claims in this case as Fifth Amendment and §1983 takings claims are the only claims in this

matter which seek monetary relief. In such circumstances it is clear that the Plaintiffs are

required to satisfy the state litigation ripeness requirement of *Williamson County*, it is undisputed

that they have failed to do so, and for that reason this Court is without subject matter jurisdiction

to adjudicate their alleged claims.  The remaining claim seeking for declaratory relief regarding

the redemption period of the property at issue does not present a federal question, is a pendent

state claim belonging in the Michigan state courts, and should be dismissed as there is no ripe

federal claim to support jurisdiction in this court.  This case must be dismissed on those grounds.

   3.  <u>Plaintiffs Fail to State a Claim for Which Relief Can be Granted by This Court.</u>

     A plaintiff who fails to state a claim for which relief can be granted must have his case

dismissed pursuant to FRCP 12(b)(6).  In recent years the U.S. Supreme Court has held that "[t]o

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, quoting *Twombly*,

550 U.S. at 570.  The Plaintiffs cannot meet this standard in the case at bar because their claims

fail as a matter of law.

     The Fifth Amendment (through operation of the Fourteenth Amendment binding on

states) bars the government from depriving citizens of property without due process of law or

having to suffer a taking without just compensation.  Similarly, a plaintiff states a § 1983

procedural due process takings claim through one of two methods: "(1) [by] demonstrating that

he is deprived of property as a result of established state procedure that itself violates due process

rights; or (2) by proving that the defendants deprived him of property pursuant to a 'random and

unauthorized act' and that available state remedies would not adequately compensate for the

loss". *Macene*, 951 F.2d at 706.  The posture of the Plaintiffs' complaint implicates the first of

these two methods, namely that the GPTA's tax foreclosure provisions allegedly deprived the

Plaintiffs and similarly situated property owners of their due process rights.

The Plaintiffs assert that since some states choose to utilize tax lien sale processes and Michigan uses a tax deed foreclosure process[1], Michigan's procedure must be an unconstitutional taking. However, the U.S. Supreme Court has previously ruled that similar statutes are not unconstitutional takings. The Supreme Court has upheld a New York foreclosure statute in which unpaid water charges led to a foreclosure and sale of real property worth approximately $52,000 based upon water charges of under $900. *Nelson v City of New York*, 352 U.S. 103, 105-10; 77 S.Ct. 195; 1 L.Ed.2d 171 (1956). The Court held that such a foreclosure and retention of any "surplus" does not violate the Constitution where adequate steps were taken to notify the owners of the charges due and the foreclosure proceedings. *Id.* at 110. An Illinois tax foreclosure case involving similar facts holding that no due process violation had occurred where owners have opportunity to protect their real estate investment through state legislation relating to forfeiture of land for delinquent taxes was also summarily affirmed by the Supreme Court. *Balthazar v. Mari Ltd.,* 396 U.S. 114; 90 S. Ct. 397; 24 L.Ed.2d.307 (1969). The Second Circuit Court of Appeals has also held that retention of any "surplus" after tax foreclosure proceedings does not violate the property owner's due process rights. *Miner v. Clinton County, N.Y.*, 541 F.3d 464 (2008).

In the case at bar there is no allegation that the state procedures are defective in terms of notice and opportunity to be heard, or that the state notice procedures fail to comport with due process on those grounds. See *Jones v. Flowers*, 547 U.S. 220; 126 S.Ct. 1708; L.Ed.2d 415 (2006). Rather the Plaintiffs allege that foreclosing and taking a deed to the property which

---

[1] Tax lien states have a procedure whereby they sell the tax liens to third parties who then foreclose them in a similar fashion to the way that bank loan foreclosures are affected. Tax deed states by contrast, have the tax collection authority (the county treasurer in Michigan) directly foreclose against the property with the tax collection authority outlining fee title to the property if the taxes are not paid. The tax collection authority in tax deed states, (after foreclosure and the running of the redemption period) has the rights of a fee owner, including the right to subsequently sell the property.

would result, (if a subsequent sale is for more than the amount of the taxes) in a portion of the purchase price in excess of taxes and fees going to the Treasurer's revolving tax fund, is per se an unconstitutional taking[2]. The U.S. Supreme Court has directly found to the contrary and so Plaintiffs' claims must be dismissed with prejudice pursuant to FRCP 12(b)(6).

**Conclusion**

It is axiomatic that a court must have subject matter jurisdiction to hear a matter before it can pass on its merits. In the case at bar, involving claimed takings of real property in violation of the U.S. Constitution and 42 U.S.C. § 1983, the Supreme Court has laid out specific requirements relating to ripeness of a takings claim before a Federal District Court has subject matter jurisdiction to adjudicate the case. The Plaintiffs have failed to satisfy the second prong of the Supreme Court's test in failing to utilize the State of Michigan's procedures for seeking compensation through its court system. Plaintiffs' pendent state claim must also be dismissed as there is no ripe federal claim to support jurisdiction in the court for that claim. For that reason, this action must be dismissed pursuant to FRCP 12(b)(1).

Furthermore, the substance of the Plaintiffs' claims are such that they do not state a claim for which relief can be granted under controlling precedent. The U.S. Supreme Court has previously rejected the types of claims brought by Plaintiffs in the case at bar, namely that the "surplus" value of property foreclosed pursuant to delinquent taxes must be returned to the former owner or an unconstitutional taking occurs. As the Plaintiffs' legal theory has already been rejected by the highest court in the land, there are simply no valid claims they could have

---

[2]     It should also be noted that if the property at issue subsequently sells for less than the amount of the taxes and fees owed, there is no deficiency judgment which can be obtained against the taxpayer and the Treasurer's revolving tax fund suffers the loss; i.e. the Treasurers in Michigan take both the upside and downside risk of taking title to the property, whereas the Plaintiffs seek to recoup the upside without accounting for the risk they would owe more to the Treasurer than the property at issue is worth.

adjudicated in this matter and the case must be dismissed with prejudice pursuant to FRCP 12(b)(6).

Respectfully submitted,

KREIS, ENDERLE, HUDGINS, & BORSOS, P.C.

Dated: January 7, 2015        By__*/s/ Thomas G. King*_____
                                        Thomas G. King (P34006)
                                        Attorney for Defendants
                                        P.O. Box 4010
                                        Kalamazoo, MI 49003-4010
                                        (269) 324-3000
                                        tking@kreisenderle.com