IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYSIDE CHURCH, an Illinois Not-
For-Profit (Ecclesiastical) Corporation,
individually and on behalf of a class of
all others similarly situated, MYRON W.
STAHL, individually and on behalf of a
class of all others similarly situated and
HENDERSON HODGENS, individually
and on behalf of a class of all others similarly          Hon. Paul L. Maloney
situated,

    Plaintiffs,                                             Case No. 1:14-cv-01274-PLM

v

VAN BUREN COUNTY, in its individual
Michigan municipal capacity and on behalf of a
Class of all other Michigan counties similarly situated
and KAREN MAKAY, in her individual official
capacity as Treasurer of Van Buren County and
on behalf of a class of all other Treasurers of
Michigan counties similarly situated,

    Defendants.
_____/

| | |
|---|---|
| James Shek (P37444) | Thomas G. King (P34006) |
| Attorney for Plaintiffs | Kreis, Enderle, Hudgins & Borsos |
| 225 Hubbard Street, Suite B | Attorney for Defendants |
| Post Office Box A | P.O. Box 4010 |
| Allegan, MI 49010 | Kalamazoo, MI 49003-4010 |
| (269) 673-3547 | (269) 324-3000 |
| jshekesq@btc-bci.com | tking@kreisenderle.com |

Ronald W. Ryan (P46590)
Co-Counsel for Plaintiffs
Lewis, Reed & Allen P.C.
136 East Michigan Avenue, Suite 800
Kalamazoo, MI 49007
(269) 388-7600
rryan@lewisreedallen.com

### Introduction

Here the Defendants in their Motion to Dismiss encourage this court to dismiss the Plaintiffs' lawsuit for the reason that the Plaintiffs have made a claim for inverse condemnation and since the Michigan Constitution allows for inverse condemnation, the Plaintiffs must make their claim in Michigan State Court.  In support of their argument they cite *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank* 473 U.S. 172, 186, 194 (1985) which holds that there must be a final decision to "take", and the Plaintiff must show there is no other remedy  to provide adequate compensation.

But the analysis is wrong.  Just because the iPhone in your pocket is made by Apple, does not make it a fruit; in other words, not all apples are edible.  Likewise just because the Michigan Constitution provides for inverse condemnation and the Plaintiffs in this matter have pled inverse condemnation, does not mean that the Plaintiffs' claim must be first brought in Michigan state court.  A closer examination must occur.  Although the Plaintiffs have stated a claim of inverse condemnation, their claim is predicated upon the Fifth Amendment to the United States Constitution and not the Michigan Constitution because the Plaintiffs have no inverse condemnation remedy for a tax taking in state court.  As the Plaintiffs have no other remedy, a dismissal based upon *Williamson,* is inapposite; or in other words, the Plaintiffs have shown that there is no other remedy to provide adequate compensation.

The Plaintiffs cannot bring a state-law inverse condemnation against the county treasurer in state court because here the county treasurer exercised and abused her tax power.  Inverse

condemnation actions arise out of abuse of eminent domain powers[1], and are rare for abuse tax powers[2]. Plaintiffs have met the *Williamson County* requirement that they exhaust all state law remedies and this suit must remain in Federal Court.

Further, this matter remains ripe for the Federal Court because,

> "The government's exercise of its taxing power "does not constitute a Fifth Amendment taking unless the taxation is so 'arbitrary as to constrain to the conclusion that it was not the exertion of taxation, but a confiscation of property....' " *Quarty v. United States*, 170 F.3d 961, 969 (C.A.9, 1999), quoting *Brushaber v. Union Pacific R. Co.*, 240 U.S. 1, 24, 36 S.Ct. 236, 60 L.Ed. 493 (1916)."
>
> *Gen. Motors Corp. v. Dep't. of Treasury*, 290 Mich. App. 355, 387, 803 N.W.2d 698, 718 (2010)

The Michigan Tax Collection Statute violates the Fifth Amendment as it provides no means to obtain a refund of an overpayment of taxes; hence resulting in a confiscation of property.

This brief demonstrates that the Plaintiffs' claim of inverse condemnation cannot be brought in state court. The Plaintiffs have complied with the *Williamson County* requirement and this matter remains ripe for review in Federal Court.

---

[1] "When exercising its power of eminent domain, the state, or those to whom the power has been lawfully delegated, must pay the owner just compensation." *Merkur Steel Supply Inc. v. City of Detroit*, 261 Mich. App. 116, 129, 680 N.W.2d 485, 494 (2004)

[2] "It is beyond dispute that the mere enforcement of a generally applicable tax code, without more, rarely constitutes a "taking" in violation of the Fifth Amendment. See *Brushaber v. Union Pac. R. Co*., 240 U.S. at 12; *Coleman v. C.I.R.,* 791 F.2d 68, 70 (7th Cir.1986); see also *Van Sant v. United States, Civil Action No. 97–363*, 2001 WL 1729633, at *6 (D.D.C. Dec. 28, 2001); *Skillo v. United States,* 68 Fed.Cl. 734, 743 (2005)." *Dye v United States,* 516 F Supp 2d 61, 70 (DDC 2007)

### The Defendants' Argument

The Defendant encourages this Honorable Court to follow a recent opinion and order from Judge Berg of the Federal District Court for the Eastern District of Michigan in the matter of *Rafeali vs. Wayne County*. After following Judge Berg's analysis, the Defendant encourages this Honorable Court to dismiss this case based upon Judge Berg's ruling.

### What did Judge Berg rule?

Judge Berg dismissed a similar case. The case is *Rafaeli, LLC et al v Wayne County et al,* Case No. 14-13958 (Honorable Terrence G. Berg)(filed 06/04/15). Part of his reason for dismissal was based upon Plaintiff Rafeali's demand for return of the equity that was in its property after the Wayne and Oakland county treasurers refused to return it. Judge Berg determined that Plaintiff Rafeali's claim was one for inverse condemnation and since the Michigan Constitution provided for a state law remedy for inverse condemnation, he then dismissed Rafaeli's federal claim based upon the doctrine of ripeness. Unfortunately for us, Judge Berg did not look at the definition of inverse condemnation. Certainly it is a tenuous term. Michigan case law even recognizes that there is no "exact formula" to establish a taking.[3] Your Plaintiffs encourage this Honorable Court to examine state-law based inverse condemnation and see that it does not apply to the circumstances of this situation.

---

[3] While there is no exact formula to establish a de facto taking, there must be some action by the government specifically directed toward the plaintiff's property that has the effect of limiting the use of the property. *Charles Murphy M.D., P.C. v. City of Detroit*, 201 Mich. App. 54, 56, 506 N.W.2d 5, 7 (1993)

Without reviewing the *Rafaeli* Plaintiffs' Briefs, it is hard to tell what led Judge Berg to error. That he did is best exemplified on page 18 of his opinion: "In *Coleman*, the Court recognized that the District of Colombia does not have a state constitution-a common source for a state inverse condemnation remedy. [Although *Coleman* mentioned this, it also noted inverse condemnation actions exist in the District of Columbia] Further, the District of Columbia statute at issue in *Coleman* expressly provided for the taking of the plaintiff's surplus equity [so too does Michigan's statute] and contained no procedure for the recovery of that surplus [except a claim predicated upon a lack of notice; same as Michigan's statute.]"

There is no inverse condemnation action here because this is a condemnation proceeding through the tax statute. Where the State of Michigan takes property through its constitutional power to tax, including surplus proceeds, it is not constitutionally required to pay just compensation pursuant to Art.10, Sec. 2 of the Michigan Constitution of 1963. This is what the tax statute means and the Counties will ultimately argue if this matter is sent to state court. But the Tax Collection Statue provides no procedure for recovering the surplus and is therefore unconstitutional and the retention becomes a taking. There being no remedy for obtaining or reclaiming the surplus, the matter remains ripe in Federal Court.

**<u>Inverse condemnation actions are not permitted by The Tax Collection Statute</u>**

The only cause of action permitted by the Tax Collection Statute is one for lack of notice. MCL 211.78l allows a cause of action against a county treasurer for monetary damages only when a property owner, ". . . claims that he or she did not receive any notice required under this act." Your plaintiffs make no such claim here. No other remedy is provided by the Statute.

No inverse condemnation action exists after the tax foreclosure sale redemption period terminates. *Hart v City of Detroit* 416 Mich 488 (1982).

### **No provision of the Tax Collection Statute requires a refund for an overpayment.**

MCL 211.78m(8) allows the treasurer to place the proceeds of from the tax sale into the county general fund after a two-year waiting period. No provision of the Tax Collection Statute requires the county treasurer to refund the tax surplus. Michigan jurisprudence has long recognized a private property interest in the surplus money produced by a tax sale.

> The surplus money produced by the tax sale, is the property of the person who has the legal title to the land at the time of the sale, and the moment the amount is ascertained and passed to his credit in the books of the treasurer, it is as absolutely his as though it were in his own keeping; and the right is personal--as unqualifiedly so as the ownership of any chattel; and although the surplus spoken of is produced by the sale of land, yet the right to receive and control it, no more follows the title to the land, than does the ownership of the cattle and farming utensils that a man may happen to have on his farm when it is sold for taxes, and the purchaser may, with as much propriety, claim a right to the latter as the former.
>
> *People ex rel. Seaman v. Hammond,* 1 Doug. 276, 281 (1844)

### **Ripeness.**

Because the surplus money produced by the tax sale is the legal property of the person who had legal title to the land at the time of the sale, and because the Tax Collection Statute does not provide for the return of the surplus money, the Tax Collection Statute is "not an exertion of taxation, but a confiscation of property" and therefore offends the Fifth Amendment as the retention of the surplus by the treasurers is a taking. *General Motors, supra.*

6

Part and parcel of any tax statute is the right to reclaim the surplus in the event of an overpayment. The United States Supreme Court has upheld the constitutionality of the summary administrative procedures contained in the Internal Revenue Code against due process challenges, on the basis that a post-collection remedy (e.g. a tax refund suit) exists and is sufficient to satisfy the requirements of constitutional due process. *Phillips v. Commissioner* 283 U.S. 589, 595-97 (1931).

Here again, the issues presented by the Plaintiffs create an issue ripe for review because the Tax Collection Statute does not provide for a tax refund suit. Section 53a of the Tax Collection Statute, MCL 211.53a, allows for the recovery of the assessed and paid taxes, "in excess of the correct and lawful amount" but only "because of a clerical error or mutual mistake of fact by the assessing officer and the taxpayer." See *Consumers Power vs. Muskegon County,* 346 Mich 243 (1956).

The Plaintiffs in this action have no right to reclaim the property that is rightfully theirs. The Michigan Tax Collection Statute does not change the ownership or title of the surplus equity to the county treasurer. The drafters of the statute probably never thought there would be any equity. It was not contemplated. Per the statute, the plaintiffs' real property is transferred to the county treasurer for non-payment, the property is sold at auction at which time the equity is realized, yet the equity is not returned to its proper owner. The plaintiffs have no remedy for the return of what is theirs in state court. The retention of the equity is a taking that violates the Fifth Amendment to the U.S. Constitution and this suit is therefore justified.

It is axiomatic that when taxes are overpaid, a refund must issue. The Michigan legislature provides that the Department of Treasury must issue a refund upon an overpayment of taxes to the State of Michigan. MCL 205.30. "(1) the department shall credit or refund an

overpayment of taxes." In addition the statute provides in section (2) that the Department must credit or refund an overpayment "erroneously assessed and collected" and in section (3) must credit or refund an overpayment "unjustly assessed, excessive in amount, or wrongfully collected." MCL 205.30. But within the Tax Collection Statute, there is no corresponding statute when such funds are wrongfully retained by the county treasurer. Not only has due process been offended but a taking has occurred sufficient to warrant this action.

WHEREFORE, for the reasons set forth above, Plaintiffs request that this Honorable Court Deny the Defendants' Motion to Dismiss together with all other appropriate relief.

Dated: July 3, 2015

By: ____/s/ Ronald W. Ryan_____
Ronald W. Ryan (P46590)
Lewis, Reed & Allen PC
136 E. Michigan Ave, Ste 800
Kalamazoo, MI 49007
rryan@lewisreedallen.com

___/s/ James Shek_____
James Shek (P37444)
Attorney for Plaintiffs
225 Hubbard Street, Suite B
Post Office Box A
Allegan, MI 49010
(269) 673-3547
jshekesq@btc-bci.com