IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WAYSIDE CHURCH, an Illinois Not-For-Profit (Ecclesiastical) Corporation, individually and on behalf of a class of all others similarly situated, MYRON W. STAHL, individually and on behalf of a class of all other similarly situated and HENDERSON HODGENS, individually and on behalf of a class of all others similarly situated, | Case No. 1:14-cv-01274-PLM<br><br>Chief Judge Paul L. Maloney |
| Plaintiffs,<br>v. | **ORAL ARGUMENT<br>REQUESTED** |
| VAN BUREN COUNTY, in its individual Michigan municipal capacity and on behalf of a class of all other Michigan counties similarly situated and KAREN MAKAY, in her individual official capacity as Treasurer of Van Buren County and on behalf of a class of all other Treasurers of Michigan Counties similarly situated, | |
| Defendants. | |

**BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION TO CONSOLIDATE CASES
<u>AND FOR APPOINTMENT OF INTERIM LEAD COUNSEL</u>**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................... iii
ISSUES PRESENTED .......................................................................................................... iv
CONTROLLING OR MOST APPROPRIATE AUTHORITIES .................................................. v
INTRODUCTION ................................................................................................................. 1
FACTUAL BACKGROUND .................................................................................................. 2
ARGUMENT ....................................................................................................................... 2
   I.   The Court Should Consolidate the Grainger Case with this Action. ................................... 2
   II.   The Court Should Appoint Movants as Interim Lead Counsel ............................................ 3
      A.   The Court Should Appoint Lewis Reed & Allen PC, and James Shek Attorney at Law as Co-Lead Interim Counsel ................................................................................ 4
      B.   The Court Should Appoint Fink Bressack as Co-Lead Interim Counsel .................... 7

# INDEX OF AUTHORITIES

**Cases**

*Advey v. Celotex Corp.*, 962 F.2d 1177 (6th Cir. 1992) ................................................................ 3

*In re Delphi ERISA Litig.*, 230 F.R.D. 496 (E.D. Mich. 2005)........................................................ 4

*In re Northeast Ohio Correctional Center*, 211 F.3d 1269 (6th Cir. 2000) ................................... 3

*Knick v. Twp. of Scott, Pennsylvania,* 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019) ........................ 2

*Webb v. Just In Time, Inc.*, 769 F. Supp. 993 (E.D. Mich. 1991)..................................................... 3

**Statutes**

General Property Tax Act, MCL § 211.1 et seq. ........................................................................ 1, 2

**Rules**

Fed R. Civ. P. 23(a) ........................................................................................................................ 1

Fed. R. Civ. P. 23(g)(3).................................................................................................................... 3

Fed. R. Civ. P. 42(a) ....................................................................................................................... 2

**Treatises**

The Manual for Complex Litigation (Fourth) (2007) ..................................................................... 3

## **ISSUES PRESENTED**

I.      Should the duplicative class action, the Grainger Case, be consolidated with this case?

          Plaintiffs answer "Yes"

II.     Should Lewis Reed & Allen, James Shek, and Fink Bressack be appointed interim lead counsel?

          Plaintiffs answer "Yes"

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

**Cases**

*Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019)

**Rules**

Fed. R. Civ. P. 23(g)(3)

Fed. R. Civ. P. 42(a)

**Statutes**

General Property Tax Act, MCL § 211.1 *et seq.*

**INTRODUCTION**

There are two class actions pending in the Western District of Michigan relating to the same claims, the instant matter and *Grainger v County of Ottawa et al.*, Case No. 19-cv-501. Both cases seek recovery on behalf of all individuals whose tax foreclosed properties were sold by a Michigan County for an amount greater than the tax delinquency.[1] According to Michigan's General Property Tax Act (the "GPTA"), MCL § 211.1 *et seq.*, the defendant counties must keep the excess. That is an unconstitutional taking. See MCL § 211.78m(8).

The two putative class actions should be consolidated because they seek to represent the same class of plaintiffs.[2] Consolidation and appointment of interim lead counsel is strongly encouraged by the Federal Judicial Center,[3] the Manual for Complex Litigation,[4] and federal courts.

Further, the attorneys in this case, Lewis Reed & Allen, James Shek, and Fink Bressack ("Movants") should be appointed interim lead counsel, with exclusive authority to represent the class. The Plaintiffs in this case, and their counsel, have shepherded the case for approximately five years (the case was filed on December 11, 2014), sustaining hard fought losses and obtaining key victories, while overcoming numerous obstacles. The Grainger Case is a tagalong case, filed on June 23, 2019. On November 7, 2019, the attorneys for the plaintiffs in the Grainger Case filed a Motion – only on the docket in the Grainger Case – to be appointed interim lead counsel. (Grainger Case, Dkt. No. 23). The Grainger plaintiffs have not sought consolidation.

---

[1] The Grainger Case identifies 16 County Defendants, all of whom are included in this case.
[2] The Plaintiffs in this case also seek certification of a "defendant class" per F.R.C.P. 23(a).
[3] Managing Class Action Litigation: A Pocket Guide for Judges, Third Edition, (2010) *See*, Chapter II.
[4] Manual for Complex Litigation (Fourth) (2007).

**FACTUAL BACKGROUND**

Wayside Church is a small church that owned a parcel of land in Western Michigan, which was traditionally used as a youth camp. Plaintiff Myron Stahl owned a residential lot in Paw Paw, where he intended to build his retirement home. Henderson Hodgens, a bus driver, owned a home and small farm in Geneva TWP, the same community in which he was raised. All fell on hard times in the last recession and could not pay their 2011 property taxes. On August 5, 2014, Van Buren County sold Plaintiffs' properties at a tax foreclosure sale. The County sold Wayside Church's parcel for $206,000 to satisfy a $16,750 debt. It sold Stahl's property for $68,750 to pay a $25,000 debt. It sold the Hodgens property for $47,750 to pay a $5,900 debt. In all, the County took in $274,850 in *after-tax debt profits* from just these three properties. The GPTA prohibits local governments from refunding any excess proceeds from tax sales. See MCL § 211.78m(8).

Plaintiffs filed this lawsuit challenging the County's actions as an unconstitutional taking of private property. Because Michigan law indicates that constitutional damages claims arising from the GPTA may not be remedied in state court, Plaintiffs filed their takings claims before this Court. On March 28, 2017, this Court dismissed the claims without prejudice, for lack of jurisdiction. Plaintiffs appealed to the Sixth Circuit and Defendant cross-appealed. With Judge Kethledge dissenting, the Sixth Circuit panel held that *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985) barred federal jurisdiction. Plaintiffs sought, but did not obtain certiorari from the U.S. Supreme Court. The Supreme Court, however, used *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019) to reverse *Williamson County*.

**ARGUMENT**

**I.   The Court Should Consolidate the Grainger Case with this Action.**

Fed. R. Civ. P. 42(a) empowers the Court to consolidate cases which involve a "common question of law or fact." Consolidation allows the Court to "administer [its] business with

2

expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992); *In re NE Ohio Correctional Center*, 211 F.3d 1269 (6th Cir. 2000).

Consolidation is appropriate here, because both class actions involve common allegations and cover the same class. *See*, *e.g.*, *Webb v. Just In Time, Inc.*, 769 F. Supp. 993, 994 (E.D. Mich. 1991) (consolidating because "issues of fact and law [that] are nearly identical" and the "same evidence will be involved in either supporting or refuting the parties' allegations").

Consolidation would advance judicial economy and efficiency and ensure uniformity. After the cases are consolidated, the attorneys appointed by the Court to serve as Interim Lead Counsel can then file a Consolidated Amended Class Action Complaint. The consolidated complaint will include all legal theories which Interim Lead Counsel determines are viable and should be brought on behalf of the class. There is no reason for there to be two competing class actions for the same plaintiffs, covering the same issues, against the same defendants.

## II.     The Court Should Appoint Movants as Interim Lead Counsel

Fed. R. Civ. P. 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." The Manual for Complex Litigation (Fourth) (2019) (the "Manual") recommends that courts select and authorize attorneys to act as interim lead counsel, based on the following criteria:

> 1) the work that counsel has performed in identifying or investigating potential claims in the action; 2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; 3) counsel's knowledge of the applicable law; and 4) the resources that counsel will commit to representing the class.

Courts may also "consider other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class." *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich.

3

2005). There is no reason to delay. There are only two Western District cases currently on file.[5] Appointment of interim lead counsel is crucial to advancing the case. After years of hard-fought litigation, this case will soon be ready to proceed to the class certification stage and the class issues will soon be front and center. Interim lead counsel can determine the best claims to pursue in a consolidated complaint and make other important decisions. Interim lead counsel can address discovery issues, can engage in motion practice, and can negotiate with defense counsel.

### A. The Court Should Appoint Lewis Reed & Allen PC, and James Shek Attorney at Law as Co-Lead Interim Counsel

As discussed above, Lewis Reed & Allen ("LR&A") and James Shek have now spent more than five years investigating potential claims, litigating those claims and developing the applicable law. There are no other attorneys whose efforts to vindicate the rights of these aggrieved property owners come close to the groundbreaking work done by LR&A and Mr. Shek.

On August 5, 2014, Jim Shek attended the Van Buren County Property Tax Foreclosed land auction for a potential purchaser client. Witnessing Wayside Church's tax foreclosed 80-acre parcel command an auction sale price of $206,000 – $189,250 in excess of the $16,750 of the taxes, penalties, interest and auction expenses due – he was struck with the injustice of the Church's loss and the County's profit. Mr. Shek's experiences as a general practice attorney with concentration in real estate law, municipal and zoning law, administrative law, complex commercial litigation, and appellate practice, motivated him to review the court's tax foreclosure file. Then, he wrote a letter to the Church's resident agent advising of the Church's loss. After confirming its loss and the County's refusal to disgorge the profits, the Church contacted Mr. Shek

---

[5] There is a class action that was filed in the Eastern District in 2019 by the same attorneys as those in the Grainger Case, *Fox v Saginaw County*, 1:19-cv-11887. If this Court consolidates the two Western District cases and appoints Movants as Interim Lead Counsel, Plaintiffs will seek to consolidate/coordinate the duplicative Eastern District case with the instant matter.

and requested representation on a contingency basis in an attempt to right the wrong. Thereafter, Plaintiffs Myron Stahl and Henderson Hodgens sought representation, also on a contingent basis.

During the next three months, Mr. Shek expended over 250 hours in legal research and writing. He joined forces with Kalamazoo-based attorneys Owen D. Ramey and Ronald W. Ryan of Lewis, Reed & Allen and together they filed the complex class action complaint in this matter on December 11, 2014. To date, these attorneys have expended thousands of hours advancing the interests of the class, before this Court, the U.S. Court of Appeals for the 6th Circuit, and, now again, in this Court. This includes briefing and argument on Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and a Rule 56 Motion for Summary Judgment. This also includes the appeal and cross-appeal to the Sixth Circuit. Counsel also obtained amicus participation by the AARP and the Pacific Legal Foundation. After the 6th Circuit's opinion on Appeal, Plaintiff's counsel then accepted the invitation of Christina Martin of the PLF to spearhead Plaintiffs' petition for certiorari. When the U.S. Supreme Court granted leave to reconsider its *Williamson County* decision in *Knick*, and the Michigan Court of Appeals affirmed dismissal in *Rafaeli, LLC v. Oakland County*,[6] said counsel immediately sought and obtained the Order re-opening this case. Counsel have also advanced the class's interests through public advocacy after the case generated significant media coverage. Mr. Shek and Mr. Ramey were invited to testify before a State Senate Subcommittee relating to the 1999 statute at issue. During that testimony, counsel pointed out that until the 1999 amendment, property owners had not been victimized in the foreclosure process and the only subsection in the 1999 law that needed to be amended was the one which allowed the counties to keep the surplus. Unfortunately, they were met with

---

[6] *Rafaeli, LLC v. Oakland Cty.*, 2017 WL 4803570 (Mich. Ct. App. Oct. 24, 2017).

5

bipartisan disregard for the 5th Amendment Takings Clause and the legislation never made it out of committee. It seems likely the courts will have to remedy the ongoing constitutional injustice.

Messrs. Shek, Ramey and Ryan have worked closely together in the past. In 2012, they were appointed by the Office of the United States Trustee for the Western District of Michigan, to represent the U.S. Bankruptcy Trustee in bankruptcy court to prevent banks from obtaining a secured interest in real estate. In 2003, Messrs. Shek and Ramey jointly represented the inverse condemnation Plaintiff in *Schoolcraft Egg v. Schoolcraft Twp.*, unpublished *per curiam* opinion of the Court of Appeals, August 11, 2000. (Docket No. 216268). After a favorable ruling from the Court of Appeals on a Regulatory Taking argument, they achieved a settlement of $2,100,000.00 and other relief. The decision curtailed and eliminated municipal overregulation of livestock operations consistent with the principles of the Michigan Right to Farm Act. In 1995, in an international employment contract/discrimination matter, Messrs. Ramey and Shek represented the Plaintiff against Browning Ferris Industries which resulted in a million-dollar recovery for the Plaintiff. In 1993, they tried a two weeklong case to a jury in Oakland County, obtaining judgments very favorable to their clients.

Jim Shek is a 1985 magna *cum laude* graduate of Cooley Law School where he was Articles Editor of its Law Review, with a Masters of Public Administration degree earned at the University of Idaho in 1982.

Owen Ramey graduated in 1975 from the University of Detroit School of Law where he was editor of the newspaper and winner of the moot court competition. He then became the Chief Assistant Prosecutor in Allegan County, where he tried numerous murder cases, all resulting in guilty verdicts. Mr. Ramey also successfully prosecuted many other high-level felony offenses. In 1980, he became a defense attorney, where he successfully defended numerous and various types

of criminal offenses, including acquittals of murder charges. Mr. Ramey has also engaged in extensive commercial litigation and presented cases in both federal and state courts, including arguments in front of the Sixth Circuit Court of Appeals. Mr. Ramey has extensive experience in appellate practice, municipal and zoning law and administrative law.

Ronald W. Ryan was born in 1966 and educated in Kalamazoo, attending the military academy Barbour Hall Academy and Hackett High School.  He comes from a distinguished family of lawyers including his father James D. Ryan and grandfather the Hon. Ronald M. Ryan, past president of the State Bar of Michigan and a circuit court judge in Calhoun County.  Ron earned his Bachelor of Arts degree from Hillsdale College in 1988 and his Juris Doctorate degree from The University of Detroit in 1991. Before joining Lewis, Reed and Allen, Ron was for eighteen years a partner in Ryan, Jamieson, Morris, Ryan and Smith, a law firm that was started by his father. Ron has performed litigation work, appellate matters and jury trials, in personal injury, automobile no-fault, medical malpractice, worker's compensation, insurance defense, insurance litigation, Social Security Disability, and commercial and civil litigation. Ron has litigated cases in the federal districts in Michigan, Chicago, Illinois the Federal District Court seated in Tampa, Florida, as well as in the San Bernardino Superior Court in California.

### B.  The Court Should Appoint Fink Bressack as Co-Lead Interim Counsel

While LR&A and Jim Shek have done far more to advance the interests of the class than anyone else, Fink Bressack brings to the table class action expertise that is second to none in the State. The firm and its attorneys have served in leadership positions for numerous class actions, including: *In re Onstar Contract Litigation*, Case No. 2:07-MDL-01867, Eastern District of Michigan; *In re Refrigerant Compressors Antitrust Litigation*, Case No. 2:09-md-02042, Eastern District of Michigan; *Enbridge Oil Spill Class Action*, Case No. 1:10-cv-01096, Western District of Michigan; *In re: Automotive Parts Antitrust Litigation, Direct Purchaser Class*, Case No. 11-

MDL-2311, Eastern District of Michigan; *Independent Bank Fee Class Action*, Case No. 13-009983-CZ, Wayne County Circuit Court; *Flagstar Bank, FSB, Overcharge Fee Class Action*, Case No. 15-145287-CZ, Oakland County Circuit Court; *Diplomat Pharmacy Derivative Litigation*, Case No. 17-109223-CB, Genesee County Circuit Court. Unlike many plaintiffs' class action firms, Fink Bressack has also been on the other side of class cases, successfully representing defendants in class action lawsuits.

The firm focuses its practice on complex litigation of all kinds and is routinely retained to represent some of the largest companies in the country, as well as some of the State's largest municipalities and the University of Michigan.

Managing partner David H. Fink has been a leader in Michigan litigation for many years. Mr. Fink has handled numerous class actions and a wide range of complex lawsuits in courts throughout the State of Michigan, winning important victories not only at the State and Federal trial court level, but also in the Michigan Court of Appeals, the Michigan Supreme Court and the Sixth Circuit Court of Appeals. Mr. Fink is a *magna cum laude* graduate of Harvard College, class of 1974, and a *cum laude* graduate of Harvard Law School, class of 1977. Mr. Fink was appointed by the Presidents of the State Bar of Michigan to serve multiple terms on the State Bar Judicial Qualifications Committee and, in May, 2013, the judges of the Federal District Court for the Eastern District of Michigan appointed Mr. Fink to serve as Chair of their Magistrate Judge Merit Selection Panel, which reviewed candidates for a Magistrate Judge vacancy in the Northern Division. Mr. Fink has been recognized as a "Super Lawyer" by Michigan Super Lawyers Magazine each year since 2007 (in the Super Lawyers top 100 lawyers in the State in 2016, 2017 and 2018) and has been selected by Michigan Lawyers Weekly as a "Leader in the Law." Recently, Mr. Fink was one of the first attorneys included in Michigan Lawyers Weekly's Hall of Fame.

Darryl Bressack has extensive class action experience, pre-dating the 2011 formation of the predecessor to Fink Bressack. Mr. Bressack is a 2004 graduate of the University of Michigan Law School and a 2001 graduate of the University of Florida. He has been recognized as a "Super Lawyer" by SuperLawyers Magazine every year since 2014.  In 2011, Mr. Bressack was selected as one of the 20 Up and Coming Lawyers honored by Michigan Lawyers Weekly.

Since joining Fink Bressack in 2015, Nate Fink has dedicated a large part of his practice to class actions, including the ongoing Auto Parts direct purchaser MDL. Nate earned his Bachelor of Arts degree from the University of Michigan, where he served as Vice President of the Michigan Student Assembly. He earned his juris doctor degree from Wayne State University Law School, where he was Associate Editor of the Wayne Law Review. Nate has been consistently recognized as a Rising Star by Michigan Super Lawyers Magazine, and, in 2017, Nate was honored as an Up and Coming Lawyer by Michigan Lawyers Weekly.

Before joining Fink Bressack, John Mack practiced complex litigation at Jenner & Block in Chicago, and Honigman Miller Schwartz and Cohn in Detroit. John received his undergraduate degree from Princeton University in 2000. He then worked as an administrator in collegiate athletics, including as the Associate Director of Championships at the Big Ten Conference headquarters and a Senior Associate Athletics Director at Northwestern University. John received his juris doctor from Northwestern University School of Law in 2014, graduating *cum laude*.

Lindsay DeMoss Long came to Fink Bressack after practicing at Dickinson Wright, where she represented clients in federal and state courts across the country in a wide range of complex commercial, products liability, multidistrict, class action, litigation matters. Lindsay was named a Top Female Litigator by *Michigan Super Lawyers* magazine and was included in *Hour Detroit's* Top Women Attorneys in Michigan. Lindsay received her B.A., with honors, from Vanderbilt

University in 2002 and her juris doctor from American University Washington College of Law in 2005. While in law school, she received the Dean's Award for Academic Excellence, the Dean's Award for Student Leadership, and the John Sherman Myers Award.

Fink Bressack is dedicated to class actions as a societal good, often being the only way for individuals to vindicate their rights against much larger opponents. Class actions are often an expensive undertaking, requiring investments of large amounts of money and attorney work hours. Fink Bressack will often bring in of-counsel or contract attorneys to assist on specific class actions as may need be, allowing the firm to remain flexible in the size of the cases it takes on. Fink Bressack does not seek leadership in class actions unless it is ready and able to dedicate all resources necessary to zealously pursue the interests of the class. The firm advances all costs necessary to properly litigate its cases and never seeks or accepts third-party litigation funding. Fink Bressack will devote all resources necessary to this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court consolidate the Grainger Case with this action and appoint Fink Bressack, Lewis Reed & Allen PC, and James Shek Attorney at Law to serve as Interim Lead Counsel.

Respectfully submitted,

| **Lewis Reed & Allen, P.C.** | **Fink Bressack** |
|---|---|
| /s/ Owen D. Ramey w/ consent | /s/ David H. Fink |
| Owen D. Ramey (P25715) | David H. Fink (P28235) |
| Ronald W. Ryan (P46590) | Darryl Bressack (P67820) |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |
| 136 East Michigan Ave., Ste. 800 | 38500 Woodward Ave.; Suite 350 |
| Kalamazoo, MI 49007 | Bloomfield Hills, MI 48304 |
| Tel: (269) 388-7600 | Tel: (248) 971-2500 |
| rryan@lewisreedallen.com | dfink@finkbressack.com |
| oramey@lewisreedallen.com | dbressack@finkbressack.com |

**James Shek Attorney at Law**

  /s/ James Shek w/ consent
James Shek (P37444)
Attorney for Plaintiffs
225 Hubbard St.; Suite B
PO Box A
Allegan, MI 49010
Tel: (269) 673-6125
jshekesq@btc-bci.com

Dated: November 21, 2019