UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WAYSIDE CHURCH, *et al.*, ) | |
| Plaintiffs, ) | |
| ) | No. 1:14-cv-1274 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| VAN BUREN COUNTY, *et al.*, ) | |
| Defendants. ) | |
| ) | |

### ORDER DENYING MOTION TO INTERVENE

Taylor Beightol—"a former owner of a tax-foreclosed property in Berrien County that garnered surplus proceeds for the county at auction"—has filed a motion to intervene in this matter (ECF No. 182 at PageID.2722). Like the other individuals who have recently moved to "intervene" in this matter, Ms. Beightol does not seek true intervention within the meaning of Fed. R. Civ. P. 24. Rather, she seeks leave to file responses to the motion(s) to amend the complaint and to the forthcoming proposed settlement agreement. The Court will deny Ms. Beightol's motion.

Ms. Beightol asserts that she is a "putative class member" of the class that will be defined in the parties' forthcoming motion for preliminary approval of a settlement agreement and for class certification (ECF No. 182 at PageID.2722). She claims to be a former owner of a tax-foreclosed property in Berrien County. On a date unknown to the Court, Berrien County allegedly sold Ms. Beightol's property at an auction and retained the surplus proceeds. Ms. Beightol is not a party in any of the similar "tax foreclosure" cases before this Court. *See Grainger v. Ottawa Cty.*, No. 1:19-cv-501 (W.D. Mich.); *Calkins v.*

*Kent Cty.*, No. 1:21-cv-62 (W.D. Mich.); *Corwin v. Van Buren Cty.*, No. 1:21-cv-82 (W.D. Mich.).

The Court will deny Ms. Beightol's motion for several reasons. First, despite Ms. Beightol's assertions that she is a "putative class member" of the class to be defined in the forthcoming motion for preliminary approval—a class that this Court has not yet been asked to certify—she fails to provide the requisite information to determine whether she will indeed be a class member (ECF No. 182 at PageID.2722). Specifically, Ms. Beightol fails to provide the time period in which she owned the tax-foreclosed property and the dates that Berrien County foreclosed upon and sold that property. This information is important to ascertain whether Ms. Beightol will fit within the class definition, as well as whether her claims are barred by the applicable statute of limitations. *See Grainger, Jr. v. Cty. of Ottawa*, No. 1:19-cv-501, 2021 WL 790771, at *5-8 (W.D. Mich. Mar. 2, 2021) (explaining that, absent tolling, a three-year statute of limitations generally applies to federal claims brought via § 1983 in Michigan courts).

Moreover, like the recently filed motions by Brian Behovitz and the "numerous parties," which the Court denied (*see* ECF No. 186), Ms. Beightol's "motion to intervene" is more properly characterized as a motion for leave to file certain responses. She "asks this Court to permit her to intervene for the limited purpose of allowing her to file a consolidated response to the Settlement Motions," which are the now-decided motion for leave to file an amended complaint and the not-yet-filed motion for preliminary approval of a settlement agreement (ECF No. 182 at PageID.2705). Mr. Behovitz and the numerous parties sought the same relief in their similar motions (*see* ECF Nos. 166, 170). The Court denied their

2

requests to file responses because (1) the motion for leave to file an amended complaint had already been adjudicated, and (2) their requests to respond to the proposed settlement agreement were not ripe, as the settlement agreement had not yet been filed (ECF No. 186 at PageID.2743-44).

The Court will deny Ms. Beightol's motion for the same reasons and reiterates the language of its previous order: "The Court declines to allow non-parties to respond to the forthcoming settlement agreement before it is even filed. The Court has already stated that, 'If, after the parties file the proposed settlement agreement and the Court conducts its review, the Court finds that responses will be helpful, the Court will issue the appropriate order.'" (*Id.* at PageID.2744) (quoting ECF No. 184 at PageID.2737).[1]

However, Ms. Beightol is not out of luck. Rule 23 provides Ms. Beightol with the type of relief that she seeks. Essentially, Ms. Beightol wants to voice her concerns with the proposed settlement agreement. In one way or another, she will get that opportunity. Upon the filing of the proposed settlement agreement, if the Court certifies the proposed class for settlement purposes, and if Ms. Beightol is a proper member of the settlement class, she can opt into the class and object to the terms of the settlement agreement. *See* Fed. R. Civ P. 23(e); *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030 (N.D. Cal. 2016) ("If the district court grants preliminary approval and certifies the class, typically the class members are notified and given

---

[1] The Court acknowledges that it adjudicated the motion for leave to file an amended complaint after Ms. Beightol filed the present motion (*see* ECF No. 184). In Ms. Beightol's proposed reply to the present motion, filed after the adjudication of the motion for leave to file an amended complaint, Ms. Beightol addressed the granting of the motion to amend the complaint (ECF No. 190-1 at PageID.2809 n.1). She now seeks only to respond to the motion for preliminary approval of the forthcoming settlement agreement (*Id.* at PageID.2814 n.6). Given this procedural posture and the consequent evolution of Ms. Beightol's request in her motion to intervene, the Court will grant Ms. Beightol's motion for leave to reply (ECF No. 190). Granting the motion will ensure the completeness of the record.

a chance to object to the settlement, or to opt out of the settlement."). Or, Ms. Beightol may opt out of the class, pursue her claims in her own lawsuit, and attempt to seek relief different from the class action. *See In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 344 (S.D. Ohio 2001) ("'[O]pt-out' claimants not only opt out of the settlement, but opt out of the class as well. As long as a claimant's right to opt out remains intact . . . class counsel has no further obligation to protect the interests of that claimant."). But as of the date of this order, before any proposed settlement agreement has been filed with this Court, it is simply not appropriate to permit Ms. Beightol to object to the forthcoming agreement prior to preliminary approval (*see* ECF No. 188 at PageID.2791-83) (collecting cases showing that intervention is not proper or necessary where putative class members can protect their interests through Rule 23's mechanisms).

Further, despite Ms. Beightol's request to intervene for the sole purpose of filing a response to the forthcoming settlement agreement, she attempts to apply Rule 24's intervention standards. The Court maintains that Ms. Beightol's motion is not a true motion to intervene, given that she does not seek full-party status. *See Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th Cir. 1993) (explaining that, when a party intervenes under Rule 24, the party "becomes a full participant in the lawsuit and is treated just as if it were an original party"). But in an abundance of caution, to the extent that a discussion on intervention under Rule 24 is warranted, the Court still finds that Ms. Beightol's intervention would be improper.

Rule 24(a)(2)—which Ms. Beightol first applies—concerns intervention of right when the proposed-party claims an interest in the property or transaction that is the subject of the lawsuit and resolution of the matter would impair or impede the proposed-party's ability to

4

protect his or her interest. To intervene under Rule 24(a)(2), the proposed-party must establish four elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). The proposed-party requesting intervention bears the burden of proving each element and "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

Ms. Beightol has failed to establish that her interests in this case will be impaired absent intervention or that the parties already before the Court have failed to adequately represent her interests. She raises unfounded concerns of collusion between the plaintiffs and defendants in this case in crafting a settlement agreement, which the Court has already indicated it will not entertain at this time (*see* ECF No. 186 at PageID.2744 n.3) ("At this stage in this case—where there is no proposed settlement agreement pending before the Court and the Court has not approved or even reviewed such an agreement—the Court is not interested in hearing Mr. Behovitz's concerns about alleged collusion."). Ms. Beightol further contends that "the substantive terms of the settlement that resulted from this questionable process also fail to protect her interests as she intends to demonstrate, if she is allowed to do so, in her response to plaintiffs' counsel's forthcoming motion for preliminary approval of the proposed settlement" (ECF No. 182 at PageID.2719). In essence, Ms. Beightol asks the Court to permit her to intervene, and then *after* intervention, she will show how her interests have been impaired by the current parties. That is not the standard under Rule 24.

5

Impairment of interests is a prerequisite to intervention, and absent a showing of any one of the four elements articulated above, the Court cannot permit a party to intervene under Rule 24(a)(2). *See Grubbs*, 870 F.2d at 345. Given that Ms. Beightol has failed to show impairment of her interests or inadequate representation, the Court must deny Ms. Beightol's motion to intervene under Rule 24(a)(2).

Finally, in an exercise of discretion, the Court will also deny Ms. Beightol's permissive intervention under Rule 24(b). Under Rule 24(b), a court may permit a proposed-party to intervene when either (1) the proposed-party is given a conditional right to intervene by a federal statute, or (2) when the proposed-party has a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b). Decisions to grant or deny intervention under subpart (b) fall within the court's discretion. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 784 (6th Cir. 2007). In this instance, the Court finds that Ms. Beightol's intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Lopez v. Delta Funding Corp.*, No. CV98-7204(MDG), 2004 WL 7196764, at *4 (E.D.N.Y. Aug. 9, 2004) (denying permissive intervention because "[u]nquestionably, the proposed intervention would unduly delay and prejudice the rights of the parties, as intervention would undermine the settlement negotiations which have taken place over the course of over a year"). And because Ms. Beightol will not be left without a remedy, in the Court's judgment, permissive intervention is not appropriate here. *See in re Flint Water Cases*, No. 21-1164, 2021 WL 5647777, at *2 (6th Cir. Dec. 1, 2021) (affirming the denial of permissive intervention because the proposed-intervenors "fail[ed] to address the district court's explanation of their rights to object to or

6

opt-out of the settlement, either of which is available to them in accordance with the terms of the proposed Settlement Agreement and Rule 23(e)(5)").[2]

For these reasons, the Court will deny Ms. Beightol's motion to intervene and to file a response to the forthcoming motion for preliminary approval of the proposed settlement agreement. Accordingly,

**IT IS HEREBY ORDERED** that Taylor Beightol's motion for leave to file a reply (ECF No. 190) is **GRANTED** and the Clerk of Court shall **ACCEPT** the proposed reply brief (ECF No. 190-1) for filing.

**IT IS FURTHER ORDERED** that Taylor Beightol's motion to intervene (ECF No. 182) is **DENIED.**

**IT IS SO ORDERED.**

Date:  March 8, 2023   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

---

[2] In her reply brief, Ms. Beightol asserts that "courts may, and often do, permit intervention in the exact present circumstances" (ECF No. 190-1 at PageID.2816), and she cites four cases that purportedly support this proposition. *See Allen v. Dairy Farmers of Am., Inc.*, No. 5:09-cv-230, 2015 WL 4758255, at *7 (D. Vt. Aug. 11, 2015); *Arena v. Intuit, Inc.*, No. 19-cv-02546-CRB, 2020 WL 7342716, at *1 (N.D. Cal. Dec. 14, 2020); *Rapuano v. Trs. of Dartmouth Coll.*, 334 F.R.D. 637, 643 (D.N.H. 2020); *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036 (N.D. Cal. 2016). However, these four cases are distinguishable, inapplicable, or do not support Ms. Beightol's position. First, in *Allen* and *Arena*, the courts allowed permissive intervention because intervention would not disturb the proposed settlement, nor would it delay or prejudice the adjudication of the original parties' rights. *See Allen*, 2015 WL 4758255, at *7; *Arena*, 2020 WL 7342716, at *1. Here, the Court declines to grant permissive intervention because the Court finds that Ms. Beightol's intervention *would* delay and prejudice the adjudication of the parties' rights. Second, in *Rapuano*, intervention was not at issue. *See generally*, *Rapuano*, 334 F.R.D. at 637. Third, *Cotter* outlines the process for class actions settlements in the manner that the Court chooses to follow, not the manner in which Ms. Beightol suggests. *See Cotter*, 193 F. Supp. 3d at 1035 ("District courts review class action settlements in two stages. First, the plaintiffs file a motion for something that is typically described as 'preliminary approval.' Along with that motion, the plaintiffs typically file a motion for class certification, requesting that the class be certified for purposes of settlement only. If the district court grants preliminary approval and certifies the class, typically the class members are notified and given a chance to object to the settlement, or to opt out of the settlement. Then the plaintiffs file a motion for final approval. After hearing objections (if any) to the settlement, the district court decides whether to grant final approval.").