# EXHIBIT 1



| About the Court | Forms and Fees | Rules and Procedures | Opinions and Oral Argument | Attorneys | Criminal Justice Act | Circuit Executive | Mediation |

Home  »  Mediation

# About Mediation Conferences

### PDF Version

Mediation conferences are conducted by experienced attorney-mediators employed by the Court. The primary purpose is to provide litigants the opportunity to explore settlement, clarify appellate issues, and address procedural matters.

### Case Selection

Most fully counseled civil cases are routinely selected for mediation by the Mediation Office. A party may also request mediation and such requests will be kept confidential pursuant to 6 Cir. R. 33. The Court occasionally refers cases for mediation either before or after oral argument.

### Scheduling & Attendance

Counsel will receive a Mediation Conference Notice three to four weeks in advance, usually prior to the date of the initial brief, allowing sufficient time for briefing if the case is not resolved.  If warranted, and all parties agree, the mediator may grant short extensions of the briefing schedule.  Mediation conferences may take place by video, telephone, or in-person. Effective January 1, 2022, most initial conferences are scheduled by video.

Client attendance at mediation is expected unless excused by the mediator. If counsel believes that client participation would not be appropriate, counsel is expected to contact the mediator directly – well before the conference – to discuss client attendance. The attorney with the most direct relationship with the client is required to attend.

Video Mediation Conference

The Mediation Office will provide a video conference invitation to counsel listed on the Confidential Mediation Background Information Form ("MBI").  Counsel should then provide the link only to the individuals identified on the MBI.  For a quality and effective online mediation, participants should have access to a computer with a

camera, microphone, and secure internet connection. Driving while participating in a mediation conference is prohibited.  Recording of the mediation conference is prohibited.  All persons participating or present in the conference must be identified.

Telephone Mediation Conference

The Mediation Office initiates the calls to participants at the numbers provided on the MBI. Contact information should be provided for each participant, including direct dial numbers, if available, or the best number at which each participant can be reached. The use of a cell phone is permitted, provided the battery is sufficiently charged to complete a two-hour call, the participant has adequate cellular service, and remains in a discreet fixed location. Driving while participating in a mediation conference is prohibited.

In-Person Mediation Conference
In-person conferences may be scheduled at the Potter Stewart U.S. Courthouse in Cincinnati, Ohio, or at a location agreed to by all parties and the mediator.

The attendees should be listed on the MBI.  A photo ID is required for entry to the Courthouse. See https://www.ohsd.uscourts.gov/ for Courthouse entry updates.

# Conference Format

Most conferences begin with an inquiry about any procedural questions before moving to the issues on appeal.  The purpose of this discussion is not to decide the case or reach conclusions, but to understand the issues and how they may be decided by the Court if the case is not resolved through mediation.  In many cases, a candid examination of the probabilities for various possible outcomes on appeal is helpful in evaluating the value of settlement.

The parties' concerns, needs, and interests are considered, and options for addressing them are pursued until settlement is reached or it becomes clear that settlement is not possible.

Initial conferences are typically scheduled for two hours.  The time in conference depends on the parties' interests, positions, and readiness to negotiate.

# Request to Reschedule

If the date and time of the initial mediation conference present an unavoidable conflict with a previously scheduled court appearance or commitment, counsel is required to email the Mediation Office by the date specified in the original Mediation Conference Notice. When notified of conflicts in a timely manner, we will provide alternate dates and times. Counsel requesting the reschedule is responsible for contacting opposing counsel to confirm availability and advise this office of the agreed date and time. A revised notice will then be docketed.

# Confidential Mediation Background Information Form ("MBI")

6 Cir. R. 33 requires all parties to submit a Confidential Mediation Background Information Form by the date

specified in the Mediation Conference Notice.  The MBI is to be submitted to the Mediation Office and shall NOT be filed or otherwise disclosed to the Court.  Except to the extent authorized by counsel, information in the MBI will be held confidential and will not be shared with other parties or their counsel.

The MBI provides an opportunity for counsel to share with the mediator information and insights that will be useful in familiarizing the mediator with the dispute and the factors that might lead to settlement.  Providing all requested information and submitting the MBI in a timely manner will maximize the likelihood of success in mediation.

## What Participants Can Expect

Participants can expect the mediator to facilitate a thoughtful and respectful forum to explore settlement, clarify appellate issues, and address procedural matters. The mediator will inquire about each party's settlement interests if they are not immediately evident, often in private caucuses.  Every effort will be made to generate and explore proposals, offers, and counteroffers until the parties reach an agreement on settlement or until all agree that the case cannot be settled and understand why. While conferences are relatively informal in style, they are conducted with decorum appropriate to any official proceeding of the Court.

## What the Court Expects

The Court expects parties to come to mediation with an open mind and demonstrate respect for all participants throughout the mediation process.

Counsel participating in the conference should be the attorney whose judgment the client will rely on when making decisions about the case. Lead Mediation Counsel should come prepared to articulate their view of the merits of the case as well as their clients' concerns and interests.

While the Court expects participants to prepare for and attend mediation, resolution in mediation is voluntary.

## Confidentiality

Confidentiality is deemed essential to the effectiveness of the mediation process.  6 Cir. R. 33 provides that communications in mediation conferences or in connection with the mediation process are confidential.  They may not be disclosed or otherwise used by any mediation participant, except as agreed in advance by all participants.  All such confidentiality restrictions apply equally to the mediator.

## Mediation

- About Mediation Conferences
- Confidentiality - Local Rule 33
- Mediation Contact Information

Mediation Forms

Remand Procedures for Settled Cases

Circuit Mediators

Home | Contact Us | Employment | Glossary of Legal Terms | FAQs | WebSupport@ca6.uscourts.gov       Privacy Policy|BrowseAloud