UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WAYSIDE CHURCH, et al., ) | |
| Plaintiffs, ) | |
| ) | No. 1:14-cv-1274 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| VAN BUREN COUNTY, et al., ) | |
| Defendants. ) | |
| ) | |

## ORDER DENYING MOTIONS TO CONSOLIDATE

Several non-parties in this matter (collectively, "the Moving Parties"), who are parties in similar cases,[1] have moved to consolidate their own cases with the instant matter (ECF Nos. 198, 202). Despite the pending class settlement agreement in this case (which was not pending at the time the Moving Parties filed their motions but which they knew was forthcoming) that the Court has now preliminarily approved, the Moving Parties ask the Court to (1) consolidate this case with *Grainger*, *Calkins*, and *Corwin*; (2) appoint interim class counsel; and (3) allow interim class counsel to file a consolidated amended complaint (*see* ECF No. 203 at PageID.3120). All the Plaintiffs and Defendants in *Wayside* oppose consolidation (*see* ECF Nos. 205, 206, 208, 212, 213, 214, 215). Though the Court previously set a hearing on the motions to consolidate, upon its review, the Court has determined that oral argument is unnecessary and will deny the motions without a hearing. *See* W.D. Mich. LCivR 7.3(d).[2]

---

[1] These cases are *Grainger v. Ottawa County*, No. 1:19-cv-501 (W.D. Mich.); *Calkins v. Kent County*, No. 1:21-cv-62; and *Corwin v. Van Buren County*, No. 1:21-cv-82 (W.D. Mich.).

[2] Frederick Grainger has also moved for leave to file replies to the responses to the motions to consolidate (ECF Nos. 230, 232). The Court will dismiss those motions as moot.

Federal Rule of Civil Procedure 42(a) allows Courts to consolidate cases that involve "a common question of law or fact." The party seeking consolidation "bears the burden of demonstrating the commonality of law, facts or both in the cases sought to be combined." *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011). The purpose of consolidation is to "administer the Court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotation marks omitted). Importantly, "[c]onsolidation of separate actions does not merge the independent actions into one suit." *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019). The parties to one case do not become parties to the other by virtue of consolidation. *Hall v. Hall*, 138 S. Ct. 1118, 1128 (2018). Consolidated cases "remain separate as to parties, pleadings, and judgment." *Id.* (citing W. Simkins, Federal Practice 63 (rev. ed. 1923)).

Even if the moving party meets the "threshold requirement" of establishing a common question of law or fact, the decision to consolidate rests within the "sound discretion" of the district court. *Gamboa*, 381 F. Supp. 3d at 866; *see also Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). "Consolidation is not justified or required simply because the actions *include* common questions of law or fact"; in fact, "[w]hen cases involve *some* commons issues but individual issues predominate, consolidation should be denied." *Gamboa*, 381 F. Supp. 3d at 866.

The trial court must weigh four factors when deciding a motion to consolidate: (1) whether the risks of prejudice and possible confusion are overborn by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses, and

available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits rather than a single one; and (4) the relative expense to all concerned. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

The Court has already adjudicated a motion to consolidate *Wayside* with *Grainger* in October 2020 (*see* ECF No. 102). Ironically, in that instance, the *Wayside* Plaintiffs moved to consolidate this case with *Grainger*, and the *Grainger* Plaintiffs opposed consolidation (*see* ECF Nos. 71, 77, 78). The Court denied consolidation, finding that the four *Cantrell* factors weighed against consolidation, as well as the fact that consolidation would cause a "battle for representation" with respect to class counsel (ECF No. 102 at PageID.1217). The Court noted that the *Wayside* Plaintiffs sought consolidation for an improper purpose: "[I]t appears that Wayside believes that consolidation would allow the *Wayside* proposed class to swallow the *Grainger* proposed class, and that the parties would merge. That is not so, and the Court is mindful that even if the cases were consolidated, they would remain separate as to parties, pleadings, and judgment." (*Id.* at PageID.1216-17).

Given the progression of *Wayside*, in the Court's judgment, consolidation today is even less warranted than it was in 2020. The Court has now preliminarily approved the class settlement in *Wayside* and has scheduled a fairness hearing for November 8, 2023 (*see* ECF Nos. 234, 235). Upon this preliminary approval, *Grainger*, *Calkins*, and *Corwin*, whose plaintiffs are members of the putative class in *Wayside*, have been stayed. There is no administrative reason to consolidate *Wayside* with three cases that are presently stayed. Of course, the plaintiffs in *Grainger*, *Calkins*, and *Corwin* may choose to opt out of the class

settlement in *Wayside*, in which case they would continue litigating their individual lawsuits. But again, in that situation, there is no administrative benefit to consolidating *Wayside*, which is on the path to settlement, with other cases that are progressing toward trial.[3] There will be no discovery, nor further motion practice, in *Wayside*, unlike in *Grainger*, *Calkins*, and *Corwin*. Put simply, *Wayside* is on a totally different path than the other three cases, regardless of whether the plaintiffs in *Grainger*, *Calkins*, and *Corwin* opt in or out of the *Wayside* class settlement agreement.

Although *Wayside*, *Grainger*, *Calkins*, and *Corwin* have some common questions of law—namely, whether the plaintiffs are entitled to relief under the Michigan Constitution for the counties' retention of the surplus proceeds generated from the sale of the plaintiffs' properties at auction following the foreclosure of the properties due to tax delinquency—they also possess differing questions of law, as well as differing facts with respect to each individual plaintiff. *Compare Wayside Complaint*, ECF No. 197 (raising two causes of action), *with Grainger Complaint*, ECF No. 14 (raising eight causes of action), *and Calkins Complaint*, ECF No. 7) (raising seven causes of action), *and Corwin Complaint*, ECF No. 8 (raising nine

---

[3] Importantly, motions to dismiss in *Calkins* and *Corwin* remain pending, meaning those cases may never reach trial. The Court also notes that the *Grainger* Plaintiffs have previously argued that consolidation is "premature" when motions to dismiss are pending:

> Consolidation is also premature when motions to dismiss are pending. *Benson v. Fischer*, 2019 WL 332434, at *2 (D. Minn. Jan. 25, 2019) ("Courts have concluded that consolidation is premature when motions to dismiss are pending," and therefore declining to consolidate); *see also Osman v. Wekyer*, 2016 WL 10402791, at *3 (D. Minn. Nov. 21, 2016) (collecting cases). Here, there are two such motions pending in *Grainger*. *See Grainger*, No. 19-cv-501, at ECF Nos. 18, 20. And the issues will no doubt be different than those in *Wayside*, especially considering the multiple claims made by Grainger but not by the *Wayside* Plaintiffs. The *Grainger* claims and the *Wayside* claims may, put simply, require different litigation strategies by the parties and different determinations by the Court.

(ECF No. 78 at PageID.808).

4

causes of action). Here, because the four cases "involve *some* common issues but individual issues predominate, consolidation should be denied." *Gamboa*, 381 F. Supp. 3d at 866 ("Consolidation is not justified or required simply because the actions *include* a common question of fact or law.").

Further, even if the Moving Parties could cross the threshold requirement of establishing a common question of law or fact, as the Court previously concluded, the four *Cantrell* factors still do not weigh in favor of consolidation. First, the risk of confusion due to the "vastly different procedural postures" (ECF No. 102 at PageID.1217) of each case still outweighs the risk of inconsistent rulings, especially considering the undersigned is proceeding over all four cases relevant to the consolidation motions. This risk of confusion is further elevated when considering the differing claims and theories of recovery raised in each lawsuit (*see* ECF No. 206 at PageID.3252; ECF No. 212-1 at PageID.3397-98) (highlighting the differences among the cases, including the different theories of recovery (seeking fair market value versus seeking surplus proceeds); different parties sued (suing counties and treasurers versus suing only counties); and different claims raised). Second, the burden of consolidation on differing parties and witnesses is significant, and consolidation certainly would not promote conservation of judicial resources. Third, consolidating these matters would lengthen the time required to adjudicate these matters, not shorten it. *Wayside* is in its final stages. While *Wayside* is progressing toward final approval of the class settlement, the Moving Parties seek to consolidate their cases with *Wayside* in an attempt to upend the entire settlement agreement (*see* ECF No. 203 at PageID.3120) (asking the Court to grant consolidation, appoint interim class counsel, and permit the filing of a consolidated

5

amended complaint). And fourth, granting consolidation of four cases that are in totally different procedural stages would not save any expenses for any party involved.

Finally, the following assertions by Mr. Visser, counsel for the *Calkins* and *Corwin* Plaintiffs, are telling as to why the Moving Parties seek consolidation:

> Petitioning Parties feel it appropriate to address the apparent 800-lb gorilla in the room – potential competing motions for appointment of class counsel. Petitioning Parties are not oblivious to the fact that both *Wayside* counsel and *Grainger* counsel have previously petitioned for designation of class counsel. No classes have yet been certified and no counsel was appointed in either case – for reasons unrelated to whether a class action is the appropriate vehicle for addressing the wrongs raised in all of the surplus proceeds cases. It is inevitable that this Court will have to directly address that issue in the future – and maybe the near future.

(ECF No. 199 at PageID.3035). Though not explicitly stated in their motions to consolidate, it is clear why counsel for the Moving Parties seeks consolidation: They wish to reap the benefits of the *Wayside* Parties' counsel's extensive settlement negotiations by intervening in this matter and attempting to become class counsel (*see* ECF No. 206 at PageID.3253-54) ("The only reasoning behind this request [to consolidate] appears to be [the Moving Parties'] Counsel's beliefs that they would somehow be able to participate in the class settlement reached by the Parties to this case.").[4] At this juncture, the Court has preliminarily approved the class settlement, and consequently, Fink Bressack, James Shek, and Lewis, Reed & Allen

---

[4] The Court reminds the Moving Parties that even if it granted consolidation, the cases would not "merge" into one lawsuit and they would instead remain separate as to parties, pleadings, and judgment. *See e.g., Gamboa*, 381 F. Supp. at 866; *Hall*, 138 S. Ct. at 1128 ("Treatises summarizing federal precedent applying the consolidation statute also concluded that consolidated cases 'remain distinct.' 1 Rose § 823(c), at 758. They recognized that consolidated cases should 'remain separate as to parties, pleadings, and judgment,' W. Simkins, Federal Practice 63 (rev. ed. 1923), and that '[t]here must be separate verdicts, judgments or decrees, even although the consolidating party wished for one verdict,' 1 Rose § 823(c), at 758; see also G. Virden, Consolidation Under Rule 42 of the Federal Rules of Civil Procedure, in 141 F.R.D. 169, 173–174 (1992) (Virden) ('as of 1933 and the *Johnson* case of that year, it was well settled that consolidation in the federal courts did not merge the separate cases into a single action').").

PC have been appointed lead class counsel (ECF No. 234 at PageID.4143). The Court has now addressed who will be class counsel, and the Moving Parties' counsel's attempts at becoming class counsel are now moot.

Because the Moving Parties have failed to demonstrate that consolidating *Wayside*, *Grainger*, *Calkins*, and *Corwin* is proper, the Court will exercise its discretion and deny the motions to consolidate.[5] Accordingly,

**IT IS HEREBY ORDERED** that the hearing scheduled in this matter, *Grainger*, *Calkins*, and *Corwin* for April 24, 2023, on the motions to consolidate is **CANCELED**.

**IT IS FURTHER ORDERED** that the motions to consolidate this matter with *Grainger*, *Calkins*, and *Corwin* (ECF Nos. 198, 202) are **DENIED** without prejudice. The motions for leave to reply to the responses to the motions to consolidate (ECF Nos. 230, 232) are **DISMISSED** as moot.

**IT IS SO ORDERED**.

Date: March 29, 2023 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

---

[5] The Court will, however, deny the motions to consolidate without prejudice. In the event that the Court does not grant final approval of the class settlement, the Moving Parties may re-petition the Court for consolidation of their cases with *Wayside*.