UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WAYSIDE CHURCH, *et al.*, ) | | |
| Plaintiffs, ) | | |
| ) | No. 1:14-cv-1274 | |
| -v- ) | | |
| ) | Honorable Paul L. Maloney | |
| VAN BUREN COUNTY, *et al.*, ) | | |
| Defendants. ) | | |
| ) | | |

## OPINION RESOLVING ORDER FOR NON-PARTY COUNSEL TO SHOW CAUSE & FORMAL ORDER OF REPRIMAND

This matter is before the Court regarding the order for respondents Donald Visser, Donovan Visser, and Visser and Associates, PLLC (collectively, "the Vissers") to show cause, in-person, why they have not violated the Michigan Rules of Professional Conduct (ECF No. 251). As the Court indicated at the show cause hearing on May 8, 2023, the Court finds that the Vissers have violated Rule 4.2(a) of the Michigan Rules of Professional Conduct by communicating with named plaintiffs in this matter, who are represented by counsel, in an attempt to solicit their business and encourage them to opt out of the class settlement. As a disciplinary measure, the Court issues the following formal order of reprimand.[1]

### I.   Facts

On March 24, 2023, the Court preliminarily approved the proposed class settlement agreement and conditionally certified the class in this matter (*see* ECF No. 234). Five days

---

[1] This opinion concerns only the disciplinary measures imposed for the Vissers' conduct described in the show cause order (*see* ECF No. 251). The Court will issue a separate opinion resolving Plaintiffs' emergency motion for a protection order (ECF No. 245) and the Vissers' motions to quash (ECF Nos. 259, 264), which will discuss any remedial measures that are necessary to cure the Vissers' violation of the Michigan Rules of Professional Conduct.

later, Plaintiffs filed an emergency motion seeking a protective order, pursuant to Fed. R. Civ. P. 23(d)(1), prohibiting the Vissers—who seek to represent class members that opt out of the class settlement agreement—from sending solicitation letters to class members and named plaintiffs (ECF No. 245). Plaintiffs allege that the Vissers have sent improper and misleading solicitation letters to class members, including four named plaintiffs, in an attempt to encourage these individuals to opt out of the *Wayside Church* class (*see* ECF No. 246-1 at PageID.4206-11) (showing examples of the solicitation letters). The letters provided in the emergency motion for a protective order, all dated prior to the date the Court preliminarily approved the class,[2] were sent to individuals who "may have been victimized in [YEAR] by a foreclosure for unpaid property taxes under Michigan's General Property Tax Act" (*Id.* at PageID.4206). The letters further explain that the property owner has a "real claim" to recover the surplus proceeds, estimate the value of the property owner's surplus proceeds, and explain that the Vissers are "engaging in litigation and collection efforts to secure turnover of those funds" (*Id.*). The letters are silent as to the *Wayside Church* action and class settlement. Every letter was signed by Donovan J. Visser on behalf of Visser and Associates, PLLC.

Of particular importance, this case is not the first time the Vissers have been the subject of an emergency motion for a protective order prohibiting improper solicitations of class members. In *Fox v. Saginaw County*, No. 1:19-cv-11887-TLL-PTM (E.D. Mich.) (ECF No. 129), a similar case concerning the same subject matter and legal issues as the instant

---

[2] The letters addressed to named plaintiffs that Plaintiffs provided are dated January 27, 2023, January 31, 2023, February 17, 2023, and March 1, 2023.

2

matter, the Vissers were also accused of improperly soliciting class members in violation of Rule 23. However, unlike in the present matter, in *Fox*, there were no allegations that the Vissers had sent solicitation letters to named plaintiffs. The issue in *Fox* was that the Vissers continued to send solicitation letters following the preliminary certification of the proposed class (*see id* at 13). But class counsel in *Fox* still argued that Visser had violated the Michigan Rules of Professional Conduct by communicating with persons represented by counsel because once a class is certified, all class members are deemed represented by class counsel (*see id.* at 14).

After the motion for a protective order in *Fox* was fully briefed, class counsel (E. Powell Miller and Matthew Gronda) filed a notice withdrawing the emergency motion for a protective order. *Fox*, No. 1:19-cv-11887-TLL-PTM (ECF No. 149). But because the notice withdrawing the motion failed to contain any rationale or reasoning as to the withdrawal of the motion, Judge Ludington ordered class counsel to show cause why a protective order should not be entered, given that the court has a duty to restrict communications that threaten and interfere with the proper administration of a class action. *Fox*, No. 1:19-cv-11887-TLL-PTM (ECF No. 150). Class counsel responded that they and the Vissers had reached an "agreement to cure all of the matters raised in" the emergency motion for a protective order. *Fox*, No. 1:19-cv-11887-TLL-PTM (ECF No. 152). They agreed to the following: (1) the Vissers would stop attempting to retain class members as individual clients; (2) the Vissers would not enforce any of their retainer agreements with the solicited individuals; (3) the Vissers would advise their clients to remain in the class; and (4) if any of the Vissers' clients chose to opt out of the class, the Vissers would refer them to independent counsel (*Id.* at 2).

In exchange, class counsel allowed the Vissers to become co-class counsel in the matter. Class counsel also noted that the *Fox* case was the Vissers' "first in-depth encounter with complex class action procedure" (*Id.* at 3). Because all counsel had come to an agreement regarding the Vissers' solicitation, class counsel informed the court that no further action was necessary to protect the class. Judge Ludington accepted class counsel's assertions and vacated the show cause order. *Fox*, No. 1:19-cv-11887-TLL-PTM (ECF No. 156).

In the instant matter, the Court ordered the Vissers to respond to Plaintiffs' emergency motion for a protective order (ECF No. 248). In their response, the Vissers argued that the letters were not misleading/improper; that the *Wayside Church* class counsel had sent solicitation letters to represented persons as well; that all the solicitation letters were sent prior to preliminary certification; and that their letters to represented persons were an "inadvertent accident" (*see* ECF No. 250). The Vissers assured the Court that they knew they were not permitted to send solicitation letters following the preliminary approval of the class settlement (*Id.* at PageID.4228) ("[W]hen Class Counsel contacted Visser regarding this motion [for a protective order], Donald Visser assured them that no letters were sent after the Court granted preliminary certification and that no new letters would be sent."); (*Id.* at PageID.4229) ("[The Vissers] recognize[] that the Court's certification of the *Wayside* class precludes further solicitation"). Based on the Vissers' response, the Court rejected Plaintiffs' assertions that the pre-certification solicitation letters were misleading or improper. The Court did, however, order the Vissers to show cause, at a hearing, why they have not violated Mich. R. Prof'l Conduct 4.2, which prohibits lawyers from communicating with persons represented by counsel about the subject of such representation (*see* ECF No. 251).

4

The Court held the show cause hearing on May 8, 2023. The Court heard argument from counsel for the Vissers, Donald Visser himself, and the *Wayside Church* class counsel. The Vissers acknowledged that they sent communications to the four named plaintiffs identified in Plaintiffs' motion for a protective order, but they argued that they did not have the necessary culpability to violate Rule 4.2(a).[3] Class counsel also provided three additional pre-certification solicitation letters from the Vissers to named plaintiffs: the Estate of Debra Pence, Paul Biniak, and Ronald & Carol Dubois.[4] These three letters were dated January 18, 2023, March 17, 2023, and February 2, 2023, respectively, and the four additional plaintiffs were named in the second amended complaint, filed on January 10, 2023.[5]

## II.   Law

Federal courts have the "inherent power and responsibility to supervise the conduct of attorneys who are admitted to practice before [them]." *In re Searer*, 950 F. Supp. 811,

---

[3] The Vissers maintained that they "inadvertently" sent such communications to named plaintiffs. They explained that, to ensure that named plaintiffs did not receive solicitation letters, their staff was trained to search the database of potential recipients of solicitation letters for the exact name of the named plaintiffs. The Vissers further explained that their "staff was not trained" to search the Vissers' database for only the last name of a named plaintiff. This method proved to be ineffective in filtering out named plaintiffs. For example, "Brandy Lee Martin" is a named plaintiff for the Eaton County subclass (*see* ECF No. 197 at PageID.2992), and the Vissers sent a solicitation letter to "Dennis W & Brandy L Martin" (ECF No. 246-1 at PageID.4208). "Brandy Lee Martin," the named plaintiff, and "Brandy L Martin," the recipient of the solicitation letter, are the same person. Yet, because the Vissers' staff searched for "the exact name" of the named plaintiff—"Brandy Lee Martin"—they failed to identify the letter that would be sent to "Brandy L Martin."

[4] The Court acknowledges that class counsel provided these additional letters at the show cause hearing without notifying the Vissers. The Vissers objected to the Court's receipt of the exhibits based on a lack of notice and opportunity to respond. Though the Court accepted the letters over the Vissers' objection, the Court notes that the additional letters did not change the Court's opinion that the Vissers violated Rule 4.2(a). Even if class counsel had not provided the Court with the additional solicitation letters, the Court would have still found that the Vissers violated Rule 4.2(a) based on the originally provided solicitation letters.

[5] Also at the show cause hearing, class counsel provided the Court with a letter from attorney Daniel O. Myers of Visser and Associates, PLLC, dated May 2, 2023. The letter appeared to be an attempt to commence an attorney-client relationship with a class member, Ms. Christen McKinney. Because the Vissers assured the Court that they had ceased soliciting clients after the preliminary approval of the class settlement agreement—an assertion that the Court accepted as true—the Court's show cause order concerned only communication with named plaintiffs, not solicitation after preliminary approval. Thus, this opinion addresses only communication with named plaintiffs, and the Court will address the alleged post-preliminary certification solicitation of Ms. McKinney in the separate opinion resolving Plaintiffs' motion for a protective order.

813 (W.D. Mich. 1996) (citing *Erickson v. Newmar Corp.*, 87 F.3d 298, 300, 303 (9th Cir. 1996); *Grace v. Ctr. for Auto Safety*, 155 F.R.D. 591, 601 (E.D. Mich. 1994); *Castillo v. St. Paul Fire & Marine Ins. Co.*, 828 F. Supp. 594, 598 (C.D. Ill. 1992)). "In the federal system there is no uniform procedure for disciplinary proceedings. The individual judicial districts are free to define the rules to be followed and the grounds for punishment." *Id.* (citing *Standing Comm. on Discipline v. Ross*, 735 F.2d 1168, 1170 (9th Cir. 1984)). District courts can impose various sanctions for unethical behavior, including monetary sanctions, contempt, disqualification of counsel, suspension, and disbarment. *Id.*

Pursuant to the local rules of the Western District of Michigan, "[a]ny attorney practicing before the court is subject to discipline by the court upon a showing that the attorney is: (i) currently reprimanded, suspended or disbarred by any admitting or licensing authority; (ii) convicted of a crime; or (iii) guilty of unprofessional conduct." W.D. Mich. LGenR 2.3(a). With regard to discipline for unprofessional or improper conduct, the local rules state:

> If it appears to a Judge of this court that an attorney practicing before the court has violated the rules of professional conduct or is guilty of other conduct unbecoming an officer of the court, any judge may: 1) refer the matter to the Chief Judge of the district who shall determine whether the attorney should be disciplined or alternatively refer the matter to a three-judge panel or 2) for discipline, except suspension or disbarment, order an attorney to show cause—within a specified time—why the court should not discipline the attorney. Upon the expiration of the period specified or upon the attorney's response to the show cause order, the court will enter an appropriate order. Upon the entry of an order for discipline, the attorney may seek review from the Chief Judge of the order for discipline. Alternatively, the Chief Judge may refer the matter to a three-judge panel for decision.

W.D. Mich. LGenR 2.3(d).

### III.  Analysis

At issue is the Vissers' solicitation of named plaintiffs in this action, in an apparent attempt to encourage class members to opt out of the class settlement agreement and retain the Vissers as legal counsel to instead pursue their own individual claims. Plaintiffs originally asserted that the Vissers solicited four named plaintiffs: Henderson Hodgens, Brandy L. Martin, Carl Waite, and Royce D. Covell (*see* ECF No. 246 at PageID.4191). Hodgens has been a named plaintiff since this case was commenced in December 2014, and the other three parties have been named plaintiffs since January 10, 2023, when Plaintiffs filed the second amended complaint.[6] Now, it appears that the Vissers have solicited at least four more named plaintiffs—the Estate of Debra Pence, Paul Biniak, and Ronald & Carol Dubois—who were also specifically named in the second amended complaint.

Given the Vissers' apparent violation of Rule 4.2 by communicating with named plaintiffs, the Court ordered the Vissers to show cause why their communications with named plaintiffs "did not violate the Michigan Rules of Professional Conduct and why the Court should not enter an order sanctioning [the] Visser[s] for such conduct" (ECF No. 251 at PageID.4278). As the Court indicated at the hearing, the Court finds that the Vissers have violated Rule 4.2(a).

Rule 4.2(a) of the Michigan Rules of Professional Conduct states, "In representing a client, a lawyer shall not communicate about the subject of the representation with a person

---

[6] All the provided solicitation letters for these individuals were dated after they became named plaintiffs (*see* ECF No. 246-1 at PageID.4208) (providing a solicitation letter addressed to Brandy L. Martin dated on January 31, 2023); (*id.* at PageID.246-1 at PageID.4209) (providing a solicitation letter addressed to Carl Waite dated February 17, 2023); (*id.* at PageID.4210) (providing a solicitation letter addressed to Royce D. Covell dated March 1, 2023); (ECF No. 250-3 at PageID.4265) (providing a solicitation letter addressed to Henderson Hodgens dated January 27, 2023).

7

whom the lawyer knows to be represented in the matter by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." Mich. R. Prof'l Conduct 4.2(a). This rule is designed to protect the integrity of the attorney-client relationship and shield the represented party from overreaching by adverse counsel. *See People v. Green*, 274 N.W. 2d 448, 453 (1979). Rule 4.2 seeks to assure that a represented client is fully informed before making a decision and protects the client from other lawyers' potential overreaching in:

> (1) tricking a represented party into making ambiguous statements or revealing facts that could later be twisted, manipulated, and potentially abused at trial; (2) distorting a represented party's thinking about the case and undermining confidence in that party's litigation position; (3) undermining a represented party's confidence in the lawyer and possibly creating a conflict of interest and a deterioration of trust between the client and the lawyer; and (4) protecting the client from inadvertently revealing confidential (and otherwise privileged) information to opposing counsel, including conversations with the lawyer.

Michigan Ethics Opinion No. RI-219, Sept. 6, 1994, *available at https://www.michbar.org/opinions/ethics/numbered_opinions/RI-219.*

Here, the Vissers claim that the solicitation of the named plaintiffs was "inadvertent" (ECF No. 250 at PageID.4247). Donald Visser, the managing member of Visser and Associates, PLLC, has provided an affidavit explaining the firm's solicitation procedure (*see* ECF No. 250-1). The affidavit asserts that the firm obtains the information regarding potential clients through FOIA requests to Michigan counties (*Id.* at PageID.4258). Then, after obtaining that data, staff "spend substantial time inputting, reviewing, and updating current address information to produce a mailing list for persons who may have claims for surplus equity lost from tax sales" (*Id.*). Although the Vissers claim that they "attempt to flag

individuals who are known to be represented by other attorneys," errors can occur and therefore, each solicitation letter contains a statement that "If you have already hired an attorney to address this issue, please disregard this letter" (*Id.*). After the Vissers have collected this data, they then generate a form letter for each property owner, input the individual data into each letter, and mail the letters out.

Because they claim that the solicitation of named plaintiffs was "inadvertent," the Vissers assert that they did not have the necessary culpability to violate Rule 4.2(a), which prohibits communication "with a person whom the lawyer *knows* to be represented in the matter by another lawyer" (*see* ECF No. 250 at PageID.4247); Mich. R. Prof'l Conduct 4.2(a) (emphasis added). The Michigan Rules of Professional Conduct define "knows" as "actual knowledge of the fact in question." Mich. R. Prof'l Conduct 1.0, Terminology. The Vissers concede that "actual knowledge" can be "inferred from the circumstances" (ECF No. 270 at PageID.4430). However, they ask the Court to "be careful not to conflate constructive knowledge with actual knowledge" (*Id.*).

In the Court's opinion, the Vissers turned a blind eye to their process for filtering out named plaintiffs from their solicitation letters, and now they claim that they accidentally sent at least six solicitation letters to seven different named plaintiffs. Donald Visser conceded that, in retrospect, they "should have done something different" to refine the Vissers' database and filter out named plaintiffs. The Court is troubled by the fact that Donald Visser blamed his staff for their failure to filter out named plaintiffs. It is Donald and Donovan Vissers' responsibility to oversee their staff, and Donald Visser acknowledged that it was "not so hard" to instruct his staff differently so that their filtering method proved to be more

9

effective—i.e., search the database for only last names rather than exact matches. Had the Vissers merely sent a couple solicitation letters to named plaintiffs, the Court may have found that their conduct did not rise to actual knowledge. But it is clear that the Vissers have communicated with *at least* seven different named plaintiffs (in six letters).[7] Such conduct crosses the line from inadvertence to willful ignorance, and in the Court's judgment, choosing to ignore numerous solicitations of named plaintiffs constitutes actual knowledge based on the circumstances.[8] *See Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-0833 (ALC)(SN), 2014 WL 4852063, at *3 (S.D.N.Y. Sept. 29, 2014) (finding that counsel could not be excused from the Court's conclusion that counsel violated Rule 4.2 of the New York Rules of Professional Conduct, which is identical Michigan's Rule 4.2, "simply because of sloppy case management").

The Vissers further argue that Rule 4.2(a) is "geared towards communication with an adverse party, as opposed to solicitation of a represented party" (ECF No. 250 at PageID.4247). Although preventing communication between a lawyer and an adverse party is one objective of Rule 4.2(a), it is not the only one. Rule 4.2(a) also seeks to prevent "distorting a represented party's thinking about the case and undermining confidence in that party's litigation position; [and] undermining a represented party's confidence in the lawyer and possibly creating a conflict of interest and a deterioration of trust between the client and the lawyer." *See* Michigan Ethics Opinion No. RI-219, Sept. 6, 1994. The Vissers'

---

[7] The Court reiterates that it would still find that the Vissers violated Rule 4.2(a) even if class counsel had not provided the additional three solicitation letters not contained in the emergency motion for a protective order.
[8] The Vissers appear to concede as much (*see* ECF No. 270 at PageID.4430) ("Of course, a lawyer may not avoid the ban against communication with a represented party by closing his eyes to the obvious.").

10

solicitation letters could certainly undermine the solicited individual's confidence in class counsel and the settlement agreement. Afterall, the solicitation letters are presumably intended to encourage class members to opt out of the class. Thus, the Court also rejects this argument and finds that the Vissers violated Rule 4.2(a).

Finally, though the allegations of misconduct by the Vissers in the *Fox* case are different than in the present matter, the Court finds these allegations relevant for the purpose of determining the Vissers' state of mind in sending the solicitation letters. Admittedly, in *Fox*, there were no allegations that the Vissers had communicated with named plaintiffs. But after class counsel in *Fox* and the Vissers came to a resolution regarding the alleged improper communications with the *Fox* class members, the Vissers admitted that the *Fox* litigation was the Vissers' "first in-depth encounter with complex class action procedure." *Fox*, No. 1:19-cv-11887-TLL-PTM (ECF No. 152 at 3). Following their experience in *Fox*, the Vissers should have been well-versed in class action procedures and the proper method to communicate with potential class members. Instead, the Vissers found themselves to be the subject of another show cause order after they again allegedly violated the Michigan Rules of Professional Conduct and the Federal Rules of Civil Procedure. These circumstances alone do not show that the Vissers possessed the requisite knowledge to willfully violate Rule 4.2(a), but taken with the Vissers' apparent purpose for sending the solicitation letters, the fact that the Vissers knew these individuals were named plaintiffs and were represented by counsel, and the Vissers' turning a blind eye to the totally inadequate filtering of their database, the Court infers from the totality of the circumstances that the Vissers' had "actual knowledge" that they were communicating with parties whom they knew to be represented by counsel.

Because, based on the circumstantial evidence, the Court finds that the Vissers have violated Rule 4.2(a) by communicating with named plaintiffs, the Court must determine the appropriate disciplinary action. According to the Local Rules, the Court can "enter an appropriate order" of discipline. *See* W.D. Mich. LGenR 2.3(d). Pursuant to the Local Rules, the Court will enter a formal order of reprimand. *See In re Searer*, 950 F. Supp. 811, 825 (W.D. Mich. 1996) (finding that the entry of a formal order of reprimand against an attorney who violated Rule 4.2(a) of the Michigan Rules of Professional Conduct was the appropriate disciplinary measure because the attorney was "aware of her responsibilities under Rule 4.2" and her belief that she had fulfilled these obligations was "disingenuous"); *id.* ("[Counsel's] continuing insistence that she should not be disciplined because she did not intend to violate the rule bespeaks a stubborn, even cavalier, disregard of the surrounding circumstances and important purposes served by the rule.").

For these reasons, the Court finds that the Vissers violated Rule 4.2(a) of the Michigan Rules of Professional conduct by communicating with parties of this case that the Vissers knew were represented by counsel. In accordance with Local General Rule 2.3(d), the Court enters the following order of reprimand against the Vissers. *See* W.D. Mich. LGenR 2.3(d) ("If it appears to a Judge of this court that an attorney practicing before the court has violated the rules of professional conduct . . . any judge may . . . for discipline, . . . order an attorney to show cause—within a specified time—why the court should not discipline the attorney. Upon the expiration of the period specified or upon the attorney's response to the show cause order, the court will enter an appropriate order.").

## ORDER OF REPRIMAND

In accordance with the written opinion above,

The Court having found after a formal hearing and due deliberation that respondents Donald Visser, Donovan Visser, and Visser and Associates, PLLC willfully violated Michigan Rule of Professional Conduct 4.2(a) by knowingly communicating with represented parties about the subject matter of *Wayside Church v. Van Buren County*, No. 1:14-cv-1274 (W.D. Mich.), for the purpose of encouraging class members to retain Visser and Associates, PLLC as legal counsel rather than opt into the class settlement agreement.

The Court having found that the misconduct was unprofessional and exhibited poor judgment reflecting adversely on the Vissers' fitness to practice law and on the integrity of the legal profession; now, therefore,

**IT IS HEREBY ORDERED,** pursuant to W.D. Mich. LGenR 2.3(d) that Attorneys Donald Visser, Donovan Visser, and Visser and Associates, PLLC are **REPRIMANDED**.

**IT IS SO ORDERED.**

Date:  May 15, 2023                                       /s/ Paul L. Maloney
                                                                                     Paul L. Maloney
                                                                                     United States District Judge