UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

* * * * *

| | |
|---|---|
| WAYSIDE CHURCH, an Illinois Not-For-Profit (Ecclesiastical) Corporation, individually and on behalf of a class of all others similarly situated, MYRON W. STAHL, individually and on behalf of a class of all others similarly situated and HENDERSON HODGENS, individually and on behalf of a class of all others similarly situated, | Case No. 1:14-cv-1274<br><br>HON. PAUL L. MALONEY |
| Plaintiffs, | |
| -vs- | |
| VAN BUREN COUNTY, in its individual Michigan municipal capacity and on behalf of a class of all other Michigan counties similarly situated and KAREN MAKAY, in her individual official capacity as Treasurer of VanBuren County and on behalf of a class of all other Treasurers of Michigan counties similarly situated. | |
| Defendants. | |

_____

**RESPONSE TO PROTECTIVE ORDER**

_____

1

COMES NOW Non-Party Counsel Visser and Associates, PLLC, Donald Visser, and Donovan Visser ("Visser"), and, pursuant to this Court's Protective Order dated May 15, 2023 (ECF No. 274) hereby produce the required accounting of "class members they have solicited or communicated with, in any form, following the Court's preliminary approval of the class, and who the Vissers did not represent prior to preliminary approval." arising out of the Court's action at the oral hearing of this matter on May 8, 2023:

**A.     The Accounting is Overly Broad**. By accounting for all of the attached communications, Respondents do not intend to concede that the communications are solicitations.[1] The Court's terminology "[. . .] and who the Vissers did not represent prior to preliminary approval." creates a problem because the language appears to assume a bright line where representation begins with the signing of a contract when such clear demarcations are not recognized in the legal practice. The Court's choice of terminology suggests those that Visser did not have a signed contract in hand as of March 24, 2023 were found by this Court to have

---

[1] At the May 8, 2023 hearing, Plaintiff's counsel produced a letter to Christen McKinney dated May 3, 2023 and characterized it as a solicitation.  The Court appears to accept the characterization without considering that these individuals had already established a "professional relationship" with Visser which arguably required them to communicate regarding a change in circumstances. The relationship is addressed briefly elsewhere in this Brief.

been impermissibly "solicited." The Sixth Circuit instructs that no such bright line test exists when it comes to legal representation.

> The type of evidence necessary to support a determination as to whether an attorney-client relationship exists may vary with the circumstances. *Henry Filters, Inc. v. Peabody Barnes, Inc.,* 82 Ohio App.3d 255, 261, 611 N.E.2d 873, 876 (Ct.App. 6 Dist.1992). The test is essentially "whether the putative client reasonably believed that the relationship existed and that the attorney would therefore advance the interests of the putative client." *Id.*

*Thompson v. Karr*, 182 F.3d 918 (6th Cir. 1999) (unpublished opinion attached as **Exhibit 6**). *Thompson* illustrates that written documentation was not determinative but rather that legal advice was given was determinative. While Visser made it clear that representation in court would not commence until the Authority to Represent was signed, that does not detract from the fact that each of these parties discussed their facts and the legal current legal atmosphere addressing those facts.

> In *Landis v. Hunt,* the Court of Appeals for Franklin County, Ohio, found an attorney-client relationship had been established when the putative clients, the Landises, contacted an attorney for the purpose of defining their legal rights arising from misdiagnosis of Tom Landis's cancer. *Id.* The attorney told them that he did not handle malpractice claims himself, but would confer with a colleague and get back to them. Thereafter, on two separate occasions, the attorney told the Landises he thought their claims were barred by a one-year statute of limitations for medical malpractice. *Id.* The Landises never signed a contract, were never charged a fee, and never signed any authorization form agreeing to the attorney's representation. The Court of Appeals opined that as the attorney nevertheless rendered legal advice based on the facts the Landises had given him, and they relied on this legal advice in not pursuing any medical malpractice claims arising from misdiagnosis of Tom Landis's cancer, "the relationship created between [the attorney] and the Landises was

3

> based upon a confidential communication which invoked the attorney-client privilege." *Id.* at 669-70, 610 N.E.2d at 558-59. As a result, an attorney-client relationship had been established.

*Thompson v. Karr*, 182 F.3d 918,  (6th Cir. 1999).

The communications that fall within the possible scope of the description of communications within the Court's order are produced as follows:

1. Solicitations or communications to class members that did not have any relationship with Visser and Associates prior to preliminary approval of the settlement. Visser and Associates is aware of no communications which fall within this category.

2. Clients for whom Visser had opened a file under the client name prior to March 24, but whose signed written Authority to Represent had not yet been, and was later, received by Visser. **Exhibit 1** identifies parties within this descriptive grouping. There were no communications between the parties after March 24 and receipt of the signed Authority to Represent after March 24, 2023. Visser has not communicated with these clients since the Court's Protective Order was issued.

3. Clients for whom Visser had opened a file under the client name prior to March 24, from whom Visser had not yet received a signed written Authority to Represent and who received communications that went out after the Court granted preliminary approval of the settlement. These clients are identified in **Exhibit 2**. This group is distinguished from Exhibit 1 in that communications were sent after

4

March 24.  Each of these parties received correspondence in the form of **Exhibit 4** and or **5**.  As noted in the letter, the correspondence confirms that the party had established a professional relationship and requested Visser represent them.  Visser has not communicated with these clients since the Court's Protective Order was issued.

4. **Exhibit 3** identifies all persons for whom Visser had had opened a file under the client name prior to March 24, but had not received a signed written Authority to Represent and has not yet returned the signed document.  Each of these parties received correspondence in the form of **Exhibit 4** and or **5**.  Each of the parties listed had, prior to preliminary approval, verbal or written communications with Visser and Associates and had expressed their desire for Visser and Associates to represent them, or had communicated an interest to move forward with new information.  Each of these parties had engaged in significant enough communications to trigger the threshold of a professional relationship.  Visser has not communicated with these clients since the Court's Protective Order was issued.

5. There are numerous other parties that have called Visser since May 15 and Visser has not taken their calls depriving them of the opportunity of counsel of their choice.[2]

---

[2] This unwarranted restriction is one of the issues for Visser's pending appeal.

**B.     The Attorney-Client Relationship with Visser was Established when the Recipient Responded to Visser's Correspondence Issued Prior to March 24, 2023.** An attorney-client relationship is not confined to, or defined by, those that have a written agreement.  In each case, communications were sent to persons who had contacted Visser for advice regarding their legal situation.  Courts in Michigan have rejected the concept that there must be a writing in order for an attorney relationship to exist.  In determining whether attorney fees were recoverable, the Michigan Supreme Court delved into the degree of formality necessary for the attorney fee relationship.  The Court noted that compensation for services arises from the relationship and is not the foundation for the relationship. ("The attorney's right to be compensated for his advice and services arises from that relationship; it is not the definitional basis of that relationship."  *Macomb County Taxpayers Ass'n v. L'Anse Creuse Public Schools*, 455 Mich. 1, 11; 564 N.W.2d 457 (1997):

> We agree with the authorities cited in 7 Am. Jur. 2d, Attorneys at Law, § 118, pp. 187–188, that the relation of attorney and client is not dependent on the payment of a fee, nor is a formal contract necessary to create this relationship. The contract may be implied from conduct of the parties. The employment is sufficiently established when it is shown that the advice and assistance of the attorney are sought and received in matters pertinent to his profession. [Citations omitted.]
> *Id*. at 11.

In the Sixth Circuit, the approach has been even more liberal.  In an attorney

disqualification case, the Court looked to the whether the "purported client" reasonably believed an attorney-client relationship had been created.  At 592. "To determine if an implied relationship has been formed, "the focus is on the putative client's subjective belief that he is consulting a lawyer in his professional capacity, and on his intent to seek professional legal advice." *MJK Family LLC v. Corporate Eagel Management Services, Inc.,* 676 F. Supp.29 584, 592 (2011) citing *Dalrymple v. Nat'l Bank & Trust Co. of Traverse City,* 615 F.Supp. 979, 985 (W.D.Mich.1985). In the instant case, Visser's clients not only called and talked about their situation and their rights in Vissers' professional capacity, they indicated that they wished to proceed with representation.

While Plaintiffs' counsel assert that they represent the class members, their relationship is not a normal attorney-client relationship. Until actual (versus preliminary) certification of a class class members are not represented by plaintiffs' counsel.

> …however, no client-lawyer relationship has been established.  <u>A client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired</u>.  If the client has neither a consensual relationship with the lawyer nor a legal substitute for consent, there is no representation.  <u>Therefore, putative class members are not represented parties for purposes of the Model Rules prior to certification of the class and the expiration of the opt-out period.</u>

ABA Formal Opinion 07-445 (attached as **Exhibit 7**) (emphasis added).

7

However restrictive or tenuous representation of the class members might be during the preliminary certification period, this Court should expect that Plaintiffs' counsel would be providing the class members with the long form Notice as required by this Court's Order (see ECF 234, Page4143-4144).  Plaintiffs have not complied. The long form Notice specifically advises class members that they may hire their own attorneys, that they may object, that they may opt out, and the date for doing all such things – as Rule 23 requires.

                                          Respectfully Submitted,

                                          VISSER AND ASSOCIATES, PLLC

Dated:  May 30, 2023                /s/ Donald R. Visser_____
                                          **Donald R. Visser (P27961)**
                                          2480 44th Street, SE, Suite 150
                                          Kentwood, MI 49512
                                          (616) 531-9860
                                          donv@visserlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, the foregoing document was served on all parties of record via electronic mail through the Court's electronic filing system.

                                          /s/ Kelly A. Eefsting_____
                                          **Kelly A. Eefsting**
                                          Visser and Associates, PLLC