UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYSIDE CHURCH, *et al.*,  )
      Plaintiffs,  )
               ) No. 1:14-cv-1274
-v-              )
               ) Honorable Paul L. Maloney
VAN BUREN COUNTY, *et al.*,  )
      Defendants.  )
               )

## ORDER DENYING OBJECTORS' MOTION FOR PROTECTIVE ORDER AND FOR ORDER TO SHOW CAUSE

This matter is before the Court on a motion for a protective order and for an order for Class Counsel to show cause, purportedly filed by numerous Objectors to the class settlement (ECF No. 367). The "Objectors" argue that Class Counsel have engaged in unethical and improper communication with class members represented by outside counsel at Visser and Associates, PLLC, The Miller Law Firm, PC, and Outside Legal Counsel, PLC (collectively, "Independent Counsel"). The Court will deny the motion.

Most importantly, although the motion has been filed by "Objectors" to the class settlement agreement, not a single allegation in the motion relates to the Objectors. Nor are any of the alleged improper communications identified in the motion between an Objector and Class Counsel. Rather, all the purported improper communications were between Class Counsel (or a representative of Class Counsel) and—from what the Court can discern—individuals who have opted out of the class settlement (*see* ECF No. 368 at PageID.7377–78) (complaining of communications to JoAnn Ellard, Frederick Grainger, Ranee Hooper-Bart, Sharla Hughes, Joan Nemedi, Nancy Wyman, and Kevin Faust, who have all opted

out of the class settlement); (*see also Opt-Out Notices*, ECF Nos. 298, 301, 325, 332, 334, 341). These individuals, who were allegedly improperly contacted by Class Counsel, have opted out of the class settlement, or in other words, have specifically decided to not be a part of this case. As far as the Court is concerned, these individuals do not have standing to raise any issues regarding the administration of this class action, and Independent Counsel have failed to provide any authority establishing otherwise.[1] Further, the Objectors themselves have failed to identify any purported improper communication directed toward them.[2] Indeed, it appears that Independent Counsel have filed this motion on their own behalf under the guise of filing it on behalf of the Objectors.

Additionally, given Class Counsel's willingness to work with Independent Counsel to ensure they do not contact individuals represented by Independent Counsel, a protective order is unnecessary. Class Counsel previously "believed that they were permitted to communicate with class members, including those purportedly represented by independent counsel . . . [but], out of an abundance of caution and out of respect for this Court, Class Counsel made a good faith effort to avoid contacting any class members known to be

---

[1] Moreover, the Court has identified additional problems with these allegedly improper communications identified in the motion. The motion complains of Class Counsel's contact with "Heather Sloan, daughter of attorney Phil Ellison's client[,] Patricia Wilk" (ECF No. 368 at PageID.7376). Based on the current docket, Patricia Wilk does not appear to have opted out of or objected to the settlement. However, the Court notes that "Patricia Will" appears to have opted out of the class settlement agreement (ECF No. 304). While "Patricia Wilk" and "Patricia Will" are likely the same person, it is not so certain based on the record. Further, the motion identifies allegedly improper communication with Wallace White (ECF No. 368 at PageID.7378). Based on the current docket, Wallace White does not appear to have opted out of or objected to the settlement. In fact, it is totally unclear who Wallace White is, as "[n]o county has identified anyone with that name as a potential claimant" (ECF No. 376 at PageID.7678). Although Class Counsel speculates that the motion could mean "Monroe White"—who opted out of the settlement approximately one month after the allegedly improper communication from Class Counsel occurred—this is really just a speculation. The Court identifies these issues to make the point that, if Independent Counsel cannot even correctly identify who their clients are, how do they expect Class Counsel to be able to identify who Independent Counsel's clients are?

[2] Another issue with the "Objectors" worth noting is that many of these objectors are not even members of the class (*see* ECF No. 376 at PageID.7666 n.1).

represented by other counsel, while they sought guidance from the Court by filing their Motion for an Order Permitting Communications with Class Members who have Retained other Counsel" (ECF No. 376 at PageID.7667). On July 24, 2023, the Court denied Class Counsel's motion for an order allowing them to communicate with Independent Counsel's clients (ECF No. 354). This order made clear that Class Counsel were not to communicate with class members known to be represented by Independent Counsel (*Id.* at PageID.7249). Tellingly, Independent Counsel have not identified any purported improper communications from Class Counsel since July 24. Indeed, the latest allegedly improper communication occurred on July 10, 2023 (ECF No. 368 at PageID.7378). The same day the Court issued the order denying Class Counsel's motion to communicate with Independent Counsel's clients, Class Counsel contacted Independent Counsel seeking a list of Independent Counsel's clients with corresponding appropriate identifying information "[i]n order to honor the Court's ruling" (*see* ECF No. 368-20 at PageID.7589).

In the Court's judgment, Class Counsel are taking the appropriate steps to ensure that they do not inadvertently communicate with Independent Counsel's clients. In fact, as shown by a transcript of a call between Class Counsel and Independent Counsel, Class Counsel requested specific identifying information for Independent Counsel's clients, but Independent Counsel decided to "take [the] request under advisement":

> Class Counsel: But out of respect for all of you and the Court, we are doing our best to avoid contacting any of those people either by mail or other communication form. That said, the list of clients, alleged list of clients; I shouldn't say alleged. The list of people you claim to represent, whether this is the Vissers, or I think we also had a list from Ellison. I'm not certain about that. He's not on this call. But the list that we got from you included over 400

> names. We pulled as many of those as we possibly could out of the spreadsheets that we used to communicate.
>
> But the only information you provided was a name and a county. You did not provide the property address, or a parcel number, or any other identifying information. I can tell you, I did a random check this morning of just the first 50 names. On the first 50 names, there are 10 people who are identified there, who do not show up on our lists. They don't show up anywhere on our lists. So we don't know if you've got a wrong name, and you're telling us not to contact somebody. We can't control without knowing what the name is. So I would ask you, with respect to that list, to provide us with property addresses and parcel numbers. We're not trying to reach out to them. We're trying to not reach out to them. And we ask you to help us, so we can avoid reaching out to them until the court confirms that we have the right to reach out to them. . . .
>
> Class Counsel: I have not gotten the answer to my question to [Independent Counsel]. Will you please provide . . . us with more detailed information regarding your purported clients to help us so that we don't reach out to them unintentionally. Can you do that for us?
>
> Independent Counsel: [W]e will take your request under advisement and consider whether need to provide you with any more information. Thank you.

(ECF No. 368-2 at PageID.7419–20, 7422). In the event inadvertent communication from Class Counsel to Independent Counsel's clients occurs in the future, Independent Counsel cannot complain of this communication if Independent Counsel refuses to provide Class Counsel with the information necessary to identify their clients.

"The party who seeks a protective order from the court bears the burden of showing that good cause exists." *E.E.O.C. v. Tepro, Inc.*, 38 F. Supp. 3d 883, 886 (E.D. Tenn. 2014) (citing *Nix v. Sword*, 11 F. A'ppx 498, 500 (6th Cir. 2001)). "In order to demonstrate the required good cause, the party seeking the protective order 'must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements.'" *Id.* (citing *Nix*, 11 F. App'x at 500). At this juncture,

4

Independent Counsel have not met their burden in proving that a protective order prohibiting Class Counsel from communicating with Independent Counsel's clients is necessary. Moreover, because Independent Counsel have failed to identify any purposeful violation by Class Counsel of the Court's July 24, 2023 order, the Court need not issue an order to show cause.

Accordingly,

**IT IS HEREBY ORDERED** that the Objectors' motion for a protective order and for an order to show cause (ECF No. 367) is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that Class Counsel's motion for leave to exceed the word limit (ECF No. 374) is **GRANTED**. Class Counsel's enlarged brief (ECF No. 376) is accepted as filed.

**IT IS FURTHER ORDERED** that the Objectors' motion for leave to file a reply brief (ECF No. 378) is **DENIED**, as it would not aid the Court in the resolution of the motion for a protective order.

**IT IS SO ORDERED.**

Date: August 22, 2023                                        /s/ Paul L. Maloney
                                                                                             Paul L. Maloney
                                                                                             United States District Judge