UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| WAYSIDE CHURCH, et al., | No. 1:14-cv-1274 |
| Plaintiffs, | Hon. Paul L. Maloney |
| v. | |
| COUNTY OF VAN BUREN, et al., | |
| Defendants. | |

_____/

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Upon consideration of the Joint Motion for Final Approval of the Settlement of the above-referenced litigation under the terms of a Settlement Agreement (ECF No. 220-2), having heard argument regarding the fairness and adequacy of the Settlement Agreement at the Fairness Hearing conducted on February 13, 2024, and issuing an Opinion and Order Approving Settlement and Appointing Special Master on June 27, 2024 explaining why final approval of the settlement of this class action litigation is warranted (ECF No. 544), the Court hereby orders and adjudges as follows:

1.  For purposes of this Order, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2.  Class Members had the opportunity to be heard on all issues regarding the reasonableness and adequacy of the Settlement Agreement, including with respect to the resolution

and release of their claims, by submitting objections to the Settlement Agreement to the Court, and by participating in the Fairness Hearing.

3. Each and every objection to the Settlement Agreement is overruled with prejudice.

4. The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the settlement of the litigation is **APPROVED** as fair, reasonable, and adequate, and the settling parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

5. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3), this Court hereby certifies the following class (the "Settlement Class"):

> All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by a County and which was sold during the Class Period by that County.

As the Settlement Agreement explains, "Eligible Property" means a parcel of real property foreclosed by a County for the non-payment of real-property taxes, and which was sold during the Class Period by a County for an amount in excess of the Minimum Sale Price. And the Class Period refers to the time for each County during which that County acted as a foreclosing governmental unit, beginning no earlier than January 1, 2013 and ending on December 31, 2020, inclusive.

6. In addition, solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3), this Court hereby certifies Settlement Sub-Classes as to each County, with a sub-class definition tied to each County, as described below:

> (i) *Alger County*: The Alger County Settlement Sub-Class means:
>
> All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Alger County and which was sold during the Class Period by Alger County.

(ii) *Allegan County*: The Allegan County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Allegan County and which was sold during the Class Period by Allegan County.

(iii) *Antrim County*: The Antrim County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Antrim County and which was sold during the Class Period by Antrim County.

(iv) *Baraga County*: The Baraga County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Baraga County and which was sold during the Class Period by Baraga County.

(v) *Barry County*: The Barry County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Barry County and which was sold during the Class Period by Barry County.

(vi) *Benzie County*: The Benzie County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Benzie County and which was sold during the Class Period by Benzie County.

(vii) *Berrien County*: The Berrien County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Berrien County and which was sold during the Class Period by Berrien County.

(viii) *Calhoun County*: The Calhoun County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Calhoun County and which was sold during the Class Period by Calhoun County.

(ix) *Cass County*:  The Cass County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Cass County and which was sold during the Class Period by Cass County.

(x) *Chippewa County*:  The Chippewa County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Chippewa County and which was sold during the Class Period by Chippewa County.

(xi) *Delta County*:  The Delta County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Delta County and which was sold during the Class Period by Delta County.

(xii) *Dickinson County*: The Dickinson County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Dickinson County and which was sold during the Class Period by Dickinson County.

(xiii) *Eaton County*:  The Eaton County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Eaton County and which was sold during the Class Period by Eaton County.

(xiv) *Emmet County*:  The Emmet County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Emmet County and which was sold during the Class Period by Emmet County.

(xv) *Gogebic County*:  The Gogebic County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Gogebic County and which was sold during the Class Period by Gogebic County.

(xvi) *Grand Traverse County*:  The Grand Traverse County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Grand Traverse County and which was sold during the Class Period by Grand Traverse County.

(xvii) *Hillsdale County*:  The Hillsdale County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Hillsdale County and which was sold during the Class Period by Hillsdale County.

(xviii) *Houghton County*:  The Houghton County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Houghton County and which was sold during the Class Period by Houghton County.

(xix) *Ingham County*:  The Ingham County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Ingham County and which was sold during the Class Period by Ingham County.

(xx) *Ionia County*:  The Ionia County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Ionia County and which was sold during the Class Period by Ionia County.

(xxi)     *Iron County*:  The Iron County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Iron County and which was sold during the Class Period by Iron County.

(xxii)    *Kalamazoo County*:  The Kalamazoo County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Kalamazoo County and which was sold during the Class Period by Kalamazoo County.

(xxiii)   *Kalkaska County*: The Kalkaska County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Kalkaska County and which was sold during the Class Period by Kalkaska County.

(xxiv)    *Kent County*:  The Kent County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Kent County and which was sold during the Class Period by Kent County.

(xxv)     *Lake County*:  The Lake County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Lake County and which was sold during the Class Period by Lake County.

(xxvi)    *Leelanau County*:  The Leelanau County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Leelanau County and which was sold during the Class Period by Leelanau County.

(xxvii) *Mackinac County*: The Mackinac County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Mackinac County and which was sold during the Class Period by Mackinac County.

(xxviii) *Manistee County*: The Manistee County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Manistee County and which was sold during the Class Period by Manistee County.

(xxix) *Marquette County*: The Marquette County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Marquette County and which was sold during the Class Period by Marquette County.

(xxx) *Mason County*: The Mason County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Mason County and which was sold during the Class Period by Mason County.

(xxxi) *Menominee County*: The Menominee County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Menominee County and which was sold during the Class Period by Menominee County.

(xxxii) *Missaukee County*: The Missaukee County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Missaukee County and which was sold during the Class Period by Missaukee County.

(xxxiii)   *Montcalm County*: The Montcalm County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Montcalm County and which was sold during the Class Period by Montcalm County.

(xxxiv)   *Muskegon County*: The Muskegon County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Muskegon County and which was sold during the Class Period by Muskegon County.

(xxxv)    *Newaygo County*:  The Newaygo County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Newaygo County and which was sold during the Class Period by Newaygo County.

(xxxvi)   *Oceana County*:  The Oceana County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Oceana County and which was sold during the Class Period by Oceana County.

(xxxvii)  *Ontonagon County*:  The Ontonagon County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Ontonagon County and which was sold during the Class Period by Ontonagon County.

(xxxviii) *Osceola County*:  The Osceola County Settlement Sub-Class means:

All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Osceola County and which was sold during the Class Period by Osceola County.

  (xxxix) *Ottawa County*: The Ottawa County Settlement Sub-Class means:

  All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Ottawa County and which was sold during the Class Period by Ottawa County.

  (xl) *Saint Joseph County*: The St. Joseph County Settlement Sub-Class means:

  All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Saint Joseph County and which was sold during the Class Period by Saint Joseph County.

  (xli) *Schoolcraft County*: The Schoolcraft County Settlement Sub-Class means:

  All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Schoolcraft County and which was sold during the Class Period by Schoolcraft County.

  (xlii) *Van Buren County*: The Van Buren County Settlement Sub-Class means:

  All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Van Buren County and which was sold during the Class Period by Van Buren County.

  (xliii) *Wexford County*: The Wexford County Settlement Sub-Class means:

  All Persons, their heirs and successors, who held a non-contingent interest in an Eligible Property at the time that property was foreclosed by Wexford County and which was sold during the Class Period by Wexford County.

7. Consistent with the Settlement Agreement, the following are excluded from the Settlement Class and each Settlement Sub-Class:

  (i) All governmental units and entities of any type whatsoever including, but not limited to, U.S. Department of Treasury, the Internal Revenue Service, the State of Michigan, and the Michigan Department of Treasury, albeit this provision

does not apply to county public administrators appointed in accordance with Mich. Comp. Laws § 720.202 and who are pursuing claims on behalf of a deceased Eligible Claimant's estate;

(ii)  All former holders of an interest in an Eligible Property as to which any Eligible Claimant has submitted a request to be excluded that is accepted by the Court and which is not timely revoked;

(iii)  All Potential Claimants who have released their claim for Surplus Proceeds against a County;

(iv)  All former holders of an interest in an Eligible Property by reason of a lien to secure payment of a debt or judgment which debt or judgment has since been satisfied or released;

(v)  All Potential Claimants who have already resolved their claim for Surplus Proceeds against a County through a settlement agreement or a final judicial judgment as to which there is no appeal pending and/or the time to appeal has expired; and

(vi)  As to Cass County only, any former holders of an interest in an Eligible Property who assert any claims for surplus proceeds that are greater than $300,000.

8. The Court appoints Wayside Church and Henderson Hodgens as the representatives of the Settlement Class, and the individuals listed below as the class representative for each Settlement Sub-Class.

*Alger County*: John G. Rieckman.

*Allegan County*: Maria V. Vandermeer.

*Antrim County*: Ronald Dubois and Carol Dubois.

*Baraga County*: Brian Connaughton.

*Barry County*: Randy Martin.

*Benzie County*: Arlene M. Schultz, as personal representative of the Estate of Abraham Olshansky.

*Berrien County*: Michael J. Cap.

*Calhoun County*: Jeremy T. DeShong and Bonita Hightower.

*Cass County*: Chad A. Pence, as Personal Representative of the Estate of Debra Jean Pence.

*Chippewa County*: Munir Aldin, Jr.

*Delta County*: Francine K. Baker.

*Dickinson County:*  Carl Waite.

*Eaton County*: Brandy Lee Martin.

*Emmet County*: Charles G. Parks, Jr.

*Gogebic County*: Crystal A. Raatz Wuethrich.

*Grand Traverse County*: Ronald Hardman and Julie Hardman.

*Hillsdale County*: Diane L. Baker.

*Houghton County*: Dustin Burdett.

*Ingham County*: Danny Butler.

*Ionia County*: Collene C. Northrup.

*Iron County*: Randall Becker.

*Kalamazoo County*: Perrie Klaja.

*Kalkaska County*: Max Tracey.

*Kent County*: Timothy Fron.

*Lake County*: Paul Biniak.

*Leelanau County*: William R. Moore.

*Mackinac County*: Phyllis A. Pemberton-Miller, as Personal Representative of the Estate of Barbara Pemberton.

*Manistee County*: Irene Dunham-Thayer.

*Marquette County*: James P. Haglund.

*Mason County*: William Crotty, Jr.

*Menominee County*: Lorelie Rodefer.

*Missaukee County*: Robin Eisenga.

*Montcalm County*: Matthew Atkinson and Jolene Atkinson.

*Muskegon County*: Jaelyn W. Balaskovitz.

*Newaygo County*: Royce D. Covell.

*Oceana County*: Clifford Lee, Jr. and Crystal Ramirez.

*Ontonagon County*: Ruth A. Fors, as Personal Representative of the Estate of Ned J. Fors.

*Osceola County*: Jason Gibson.

*Ottawa County*: Melonie L. Boerman, as Personal Representative of the Estate of Tommy Wayne VanDyke.

*Saint Joseph County*: Rick Mitchem, as Personal Representative of the Estate of Spanward Mitchem.

*Schoolcraft County*: John Deroshia.

*Van Buren County*: Wayside Church and Henderson Hodgens.

*Wexford County*: Lori Carlson.

9. For the purposes of settlement only, the Court finds that each element required for certification of the Settlement Class and Settlement Sub-Classes pursuant to Rule 23(a) of the Federal Rules of Civil Procedure has been met, as explained in the Court's Opinion and Order Approving Settlement and Appointing Special Master (ECF No. 544): (a) the members of the Settlement Class and Settlement Sub-Classes are so numerous that their joinder in this action would be impracticable; (b) the common issue of whether the counties wrongfully retained surplus proceeds from the class members after a tax foreclosure sale, along with numerous sub-issues emanating from that issue, predominate over any individual questions; (c) for the same reasons, the claims of the representatives for the Settlement Class and Settlement Sub-Classes in the action

are typical of the claims of the Settlement Class and Sub-Classes, respectively; and (d) the persons and entities appointed as representatives of the Settlement Class and Settlement Sub-Classes and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class and Settlement Sub-Classes; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this action.

10. The Court also finds that the Settlement Agreement was negotiated at arm's length and with the assistance of the Sixth Circuit Mediation Office over a two-year period by experienced counsel who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of the case.

11. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, the Court appoints Lead Counsel (Fink Bressack, James Shek, and Lewis, Reed & Allen PC) as Class Counsel, finding that Class Counsel are well-qualified and experienced in class action litigation.

12. The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) constituted more than adequate notice to all persons and entities entitled to receive notice of the proposed Settlement Agreement; (b) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules because of the high notice rate (approximately 96.4% of the class), the various forms of notice, and the continued follow up by the Settlement Administrator and Lead Counsel; and (c) constituted notice that was reasonably calculated under the circumstances to reach Settlement Class Members. Settlement Notice was timely distributed by mail to all Class Members whose addresses could be located with reasonable effort, as well by

publication, and Settlement Notice was published on the Settlement Website maintained by Lead Counsel.

13. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides, and the Attorney General of the United States.

14. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

15. Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement Agreement in all respects and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate to the Settlement Class and Settlement Sub-Classes. In making this determination, the Court considered the following factors: (i) the adequacy of representation; (ii) the arm's length negotiations; (iii) the adequacy of the relief; and (iv) the equitable treatment of class members. The Court also considered the factors discussed in *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007), including (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. The Court agrees with, and hereby adopts, the analysis in the Joint Motion for Final Approval and the Responses to Objections to Settlement regarding the aforementioned factors. Specifically, the Court concludes, among other findings, that (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement Agreement was negotiated by the parties at arm's length; (c) the relief provided by the Settlement Agreement is adequate taking into

account the costs, risks, and delay of trial and appeal, the proposed means of distributing relief to the Settlement Class, and the proposed attorneys' fee award; (d) the Settlement Agreement treats members of the Settlement Class equitably relative to each other; and (e) the Settlement Agreement is in the public interest.

16. This Order is binding on all Class Members, except those individuals, (1) who validly and timely excluded themselves from the Settlement Class, or (2) who have an interest in a property that is the subject of such an exclusion.

17. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, and discharged by virtue of these proceedings and this Order.

18. The Court hereby permanently enjoins and restrains all Class Members, who did not validly, timely, and in the manner provided for in the Class Notice, exclude themselves from the Settlement Class, from commencing or prosecuting any action, suit, claim or demand against any of the parties released by virtue of the Agreement arising out of or relating to the Released Claims set forth in the Agreement.

19. The operative complaint and all claims asserted therein in this litigation are hereby dismissed with prejudice and without costs to any of the Parties other than as provided for in the Settlement Agreement.

20. Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement Agreement; any motion for an award for attorneys' fees; and Settlement Class Members for all matters relating to this action.

21. Without further approval from the Court, Class Counsel and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement

to effectuate the settlement that (a) are not materially inconsistent with this Order or the Opinion and Order Approving Settlement and Appointing Special Master (ECF No. 544); and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement Agreement. Without further of the Court, Class Counsel and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

22. Final Judgment shall be entered by separate order by the Court pursuant to Federal Rule of Civil Procedure 58.

23. A separate order shall be entered regarding the motion of Class Counsel for Attorneys' Fees (ECF No. 401). Such order shall in no way affect or delay the finality of this Order and shall not affect or delay the effective date of the Settlement Agreement.

SO ORDERED.

July 12, 2024

/s/ Paul L. Maloney
The Honorable Paul L. Maloney
United States District Judge